789 F.2d 1056
 4 Fed.R.Serv.3d 1151
 John Finton STEVENS, Appellant,
v.
LAWYERS MUTUAL LIABILITY INSURANCE COMPANY OF NORTH
CAROLINA, Appellee.
North Carolina Civil Liberties Union Legal Foundation,
Amicus Curiae. (Two Cases)
 Nos. 85-1956, 85-2003.
 United States Court of Appeals,
Fourth Circuit.
 Argued Feb. 7, 1986.
Decided May 1, 1986.
 
 Barry Nakell, Chapel Hill, N.C. (Law Offices of John H. Bisbee, Macomb, Ill., on brief), for appellant.
 Walter E. Brock, Jr. (Jerry S. Alvis, Young, Moore, Henderson & Alvis, P.A., Raleigh, N.C., on brief), for appellee.
 (Norman B. Smith, Greensboro, N.C., Adam Stein, Raleigh, N.C., Daniel H. Pollott, University of North Carolina School of Law, on brief), for amicus curiae.
 Before WINTER, Chief Judge, HALL, Circuit Judge, and HOUCK, United States District Judge for the District of South Carolina, sitting by designation.
 K.K. HALL, Circuit Judge:
 
 
 1
 John Finton Stevens appeals from orders of the district court (1) dismissing his declaratory judgment action against Lawyers Mutual Liability Insurance Company of North Carolina ("Lawyers Mutual"); (2) imposing sanctions against his counsel pursuant to Fed.R.Civ.P. 11 for pursuing frivolous litigation; and (3) refusing to impose sanctions against Lawyers Mutual. We affirm the dismissal of plaintiff's declaratory judgment action on the ground that the case is now moot. Finding no abuse of discretion, we also affirm the denial of sanctions against Lawyers Mutual. However, we conclude that the district court abused its discretion in imposing Rule 11 sanctions against plaintiff's counsel. We, therefore, reverse the order imposing such sanctions.
 
 I.
 
 2
 In November, 1977, Stevens pleaded guilty to armed robbery of a hitchhiker. Stevens admitted his presence at the crime but insisted that he was not a participant. Nevertheless, Stevens entered his guilty plea on the advice of his then-counsel, Stephen Nimocks. Following several fruitless state appeals of the conviction, Stevens' present attorneys ultimately succeeded in having the conviction overturned through a federal habeas petition on the ground of ineffective assistance of counsel. The district judge who granted the habeas petition concluded that Nimocks' "lack of investigation, lack of prepration and his failure to make an informed evaluation of a potentially viable defense, when taken together, amounted to ineffective assistance of counsel." Stevens v. Johnson, 575 F.Supp. 881, 885 (E.D.N.C.1983). The district judge further found that Nimocks' ineffective assistance resulted in prejudice to Stevens. Id.
 
 
 3
 In the meantime, Stevens' present counsel had filed a state court malpractice action in 1980 against Nimocks and the partnership of Nimocks and Taylor, with which Nimocks was associated at the time he had represented Stevens in the criminal proceeding. The other partner, John Taylor, was not named individually in this malpractice action. At the time the malpractice action was filed the partnership of Nimocks and Taylor no longer existed. Taylor, however, had joined a new partnership through which he was covered by a policy of liability insurance issued by Lawyers Mutual for the period from May 4, 1980, until May 4, 1981. The policy was a "claims made" policy and agreed:
 
 
 4
 To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as money damages because of any claim or claims first made against the insured and reported to the Company during the policy period, arising out of any act or omission of the insured in rendering or failing to render, subsequent to the retroactive date shown in the Declarations professional services for others in the insured's capacity as a lawyer ...
 
 
 5
 (emphasis added). The retroactive date shown in the Declarations is April 1, 1977. Thus, the policy insured Taylor for professional malpractice claims arising after April 1, 1977, for which an insurance claim was first made between May 4, 1980, and May 4, 1981.
 
 
 6
 Taylor notified Lawyers Mutual of the malpractice action and Lawyers Mutual provided a defense for Taylor as well as for the partnership of Nimocks and Taylor. The malpractice action was held in abeyance pending the outcome of Stevens' efforts to challenge his conviction and later reactivated when the district court ordered habeas relief. Meanwhile, Nimocks had been declared bankrupt and Stevens' claim against him had been discharged in a bankruptcy proceeding. Nimocks was subsequently dismissed as a defendant in the malpractice action. According to Stevens' counsel, the attorney representing the defendants in the state court action then indicated that Lawyers Mutual was resisting coverage of Taylor and the partnership of Nimocks and Taylor.
 
 
 7
 Consequently, on June 4, 1984, Stevens' counsel filed the present declaratory judgment action against Lawyers Mutual, seeking a declaration that defendant's "claims made" policy of liability insurance covered Taylor for any liability to plaintiff adjudicated against him in the state court malpractice action. Lawyers Mutual answered the complaint, denying that Taylor "was at that time [during 1977] an insured with respect to" its policy, raising a defense on behalf of Taylor based on the statute of limitations, and requesting sanctions against plaintiff pursuant to Fed.R.Civ.P. 11 for filing a frivolous action. Lawyers Mutual subsequently moved to dismiss the declaratory judgment action, arguing that Stevens had never sued John Taylor and that the statute of limitations now barred any action against Taylor.
 
 
 8
 On October 17, 1984, the district court granted defendant's motion to dismiss, concluding that:
 
 
 9
 The plaintiff makes no allegation nor is there any contention that the defendant ever insured Steven H. Nimocks or the law partnership of Nimocks & Taylor.
 
 
 10
 On this elementary point, the plaintiff's action against the defendant in the instant case fails to state a claim upon which any relief may be granted against this defendant.
 
 
 11
 In its order the court noted that it was retaining jurisdiction to permit Lawyers Mutual to pursue its request for Rule 11 sanctions.
 
 
 12
 Plaintiff's counsel then filed a timely motion to reconsider the court's order. In denying the motion on November 14, 1984, the district court concluded that
 
 
 13
 The essence of the court's determination in [the October 17, 1984] order is that no controversy exists between these parties in that this defendant is never alleged to have any insurance contract obligation with an insured against whom the plaintiff seeks relief for alleged legal malpractice ... The court simply cannot adjudicate an action in which no legal controversy between the parties exists.
 
 
 14
 Once again the district court specifically retained jurisdiction to consider defendant's Rule 11 claim.[1]
 
 
 15
 Concluding that the district court had misperceived the theory behind his claim against Taylor as a member of the partnership with Nimocks and had ignored N.C.Gen.Stat. Sec. 59-45, which states that "[a]ll partners are jointly and severally liable for the acts of the partnership," plaintiff filed a second motion for reconsideration. Meanwhile, defendant filed a motion for the imposition of sanctions, specifically requesting its litigation costs. More than eight months later, plaintiff filed a motion for sanctions against Lawyers Mutual for filing a frivolous Rule 11 motion.
 
 
 16
 On August 16, 1985, the district court denied plaintiff's second motion for reconsideration and issued sanctions in the form of a reprimand against plaintiff's counsel through a published opinion. In issuing the reprimand, the court concluded that plaintiff's claim in this case is "clearly meritless;" that it "demonstrates a misinterpretation of a fundamental tenet of procedural due process and partnership law;" and that plaintiff's counsel were "clearly negligent in relying on N.C.Gen.Stat. Sec. 59-45 as a legal basis" for their action. In addition, the court found that plaintiff's second motion for reconsideration constituted improper purpose under Rule 11.
 
 
 17
 In another order entered September 5, 1985, the district court denied plaintiff's request for sanctions against defendant. The court required plaintiff's counsel to reimburse defendant $75.00 for its cost in responding to plaintiff's sanctions motion.
 
 
 18
 On August 26, 1985, plaintiff appealed from the district court's order of August 16, 1985, denying the second motion for reconsideration and publicly reprimanding counsel, as well as from the court's earlier orders of October 17, 1984, dismissing the action, and November 14, 1984, denying the initial request for reconsideration. Subsequently, plaintiff noticed his appeal of the September 5, 1985, order refusing to impose sanctions against defendant. We granted Stevens' motion for a stay of the district court's order of reprimand pending consideration of these appeals.[2]
 
 II.
 
 19
 On appeal, Stevens contends that the district court erred in dismissing his declaratory judgment action, in issuing a public reprimand of his counsel, and in denying his motion for Rule 11 sanctions against defendant. Although we disagree with the reasoning of the district court in dismissing Stevens' action, we conclude that the case is now moot and that the dismissal must be affirmed. We agree, however, with Stevens that the imposition of sanctions against his counsel was an abuse of the district court's discretion. Finally, we reject as meritless Stevens' argument regarding his own motion for the imposition of sanctions against Lawyers Mutual.
 
 
 20
 The district court initially dismissed Stevens' action on the ground that Lawyers Mutual never insured Nimocks or the partnership of Nimocks and Taylor. Moreover, in denying the first motion for reconsideration, the district court stated that Stevens failed to allege "any insurance contract obligation with an insured against whom the plaintiff seeks relief" for malpractice. We agree with Stevens that the district court misconstrued the basis of his claim against Lawyers Mutual and Taylor and ignored the provisions of N.C.Gen.Stat. Sec. 59-45, which makes all partners jointly and severally liable for the acts of the partnership.[3] Thus, as long as Lawyers Mutual questioned the fact of Taylor's coverage under the policy, there was a reasonable basis for plaintiff's action and an actual case or controversy susceptible to declaratory relief in federal court.
 
 
 21
 Nevertheless, Lawyers Mutual has now unambiguously conceded in this Court that if Taylor is found liable to Stevens on the underlying malpractice claim, the company will pay a judgment based on that claim. In a letter forwarded to this Court following oral argument of the case, defendant's counsel stated that:
 
 
 22
 Lawyers Mutual has heretofore acknowledged to Mr. Taylor that it will pay on his behalf, to the extent of the policy limits, all damages which may be assessed against him which are within the insuring agreement of the policy and not excluded by a clear provision.
 
 
 23
 In light of this stipulation, we conclude that there is no longer any case or controversy regarding coverage under the policy and, therefore, the dismissal of Stevens' declaratory judgment action must stand.
 
 III.
 
 24
 We turn now to the matter of sanctions. Rule 11 provides in pertinent part that:
 
 
 25
 The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.
 
 
 26
 In order to determine "good faith" and "improper motive" under Rule 11, a court must judge the attorney's conduct under an objective standard of reasonableness rather than by assessing subjective intent. Zaldivar v. City of Los Angeles, 780 F.2d 823 (9th Cir.1986). Moreover, a district court's imposition of Rule 11 sanctions is ordinarily entitled to deference by this Court and may not be disturbed except for abuse of discretion. Id. See also, Nelson v. Piedmont Aviation, Inc., 750 F.2d 1234, 1238 (4th Cir.1984).
 
 
 27
 In this case, given the circumstances we have just related, we can only conclude that Stevens' declaratory judgment action in district court had a reasonable basis in fact and law and was not objectively frivolous nor interposed for any improper purpose. We, therefore, conclude that the district court's order, imposing Rule 11 sanctions in the form of a published opinion reprimanding plaintiff's counsel, is not entitled to deference and must be reversed as an abuse of discretion.
 
 
 28
 On the other hand, we cannot say that the district court abused its discretion when it refused to grant plaintiff's motion for sanctions against Lawyers Mutual for filing its Rule 11 motion. As the district court noted in its order denying the request, plaintiff delayed in filing his motion for sanctions until more than eight months following defendant's sanctions motion and nearly four months after the district court conducted its hearing on sanctions against Stevens' counsel. Under these circumstances, we will not disturb the district court's conclusion that the purpose of plaintiff's belated request "was more retaliatory than substantive in nature."
 
 IV.
 
 29
 For the foregoing reasons, we affirm the district court's judgment dismissing Stevens' action and the order denying plaintiff's motion for sanctions, and reverse the order imposing sanctions against plaintiff's counsel.
 
 
 30
 AFFIRMED IN PART, and REVERSED IN PART.
 
 
 
 [1]
 After the district court granted defendant's motion to dismiss and denied plaintiff's motion for reconsideration, plaintiff on November 19, 1984, filed a motion in the state court malpractice action to add Taylor as a named defendant. The state court granted that motion and Taylor subsequently moved for summary judgment on the ground that plaintiff's claim against Taylor was barred by the statute of limitations. The state court granted that motion, and Stevens filed a notice of appeal. The matter is currently pending before the North Carolina Court of Appeals
 
 
 [2]
 Lawyers Mutual has moved to dismiss Stevens' appeal as untimely insofar as it challenges the district court's orders of October 17, 1984, dismissing the action, and of November 14, 1984, denying the first motion for reconsideration. Because the district court in those two orders specifically retained jurisdiction for purposes of ruling on the question of sanctions, we conclude that sufficient aspects of the case remained open to render the orders non-final for purposes of triggering the time for appeal. In view of the fact that Stevens' appeal from the district court's order of August 16, 1985, rendering a final decision on the sanctions issue and expressly denying the second motion for reconsideration, was timely, we conclude that we have jurisdiction to address the merits of each of the three orders. Accordingly, we deny defendant's motion to dismiss
 
 
 [3]
 The district judge's incorrect rationale for dismissing the case became clear during the hearing on Rule 11 sanctions when he stated:
 You see, the individual has to be a tort-feasor if he is the insured. You simply cannot have a partner of his who is the tort-feasor, and the partnership who by respondeat superior is the tort-feasor be the only persons liable. You have to have the individual insured also be a tort-feasor. There is no implied liability to other individuals who happen to be partners because of the tort-feasance of one of their partners.