812 F.2d 1400
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
George W. BALDWIN, Plaintiff--Appellant,
v.
George BOONE, Frank Evans, Earl Beshears, Gene Cousins,
Defendants--Appellees.
 No. 86-7341.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 23, 1986.
Decided Feb. 6, 1987.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Fox, District Judge. (C/A No. 86-83-CRT).
 George W. Baldwin, appellant pro se.
 Laura Ellen Crumpler, Office of the Attorney General, for appellees.
 E.D.N.C.
 AFFIRMED.
 Before ERVIN and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 
 
 1
 PER CURIAM: George Baldwin, a North Carolina inmate, filed a 42 U.S.C. Sec. 1983 action seeking damages and declaratory and injunctive relief. In his complaint, Baldwin contended that his Eighth and Fourteenth Amendment rights were violated by the defendants. As a part of his complaint, Baldwin provided a negative response to the question "Have you begun other lawsuits dealing With the same facts involved in this action?". The district court determined that Baldwin, in fact, previously had filed portions of his claim in federal court. See Baldwin v. Cousins, C/A No. 85-1489-CRT. The court gave Baldwin 30 days to explain his apparently fraudulent answer. In response to the court's order, Baldwin stated that he "simply misunderstood" the question and offered his apology.
 
 
 2
 Subsequently, the court entered a final order in the case. As a part of its decision the court addressed the fraudulent response given by Baldwin in the complaint. The court determined that Baldwin's explanation was insufficient to justify the prior fradulent statement. The court, relying on Fed.R.Civ.P. 11, reprimanded Baldwin for his action and informed him that if he repeated this conduct 25% of the sums deposited in his prison trust account, up to a total of $200, would be deducted from his account, up to a total of $200, would be deducted from his account and placed in the Inmate Welfare Fund established pursuant to N.C.Gen.Stat. Sec. 148-18(c). Baldwin noted his appeal, challenging only the sanction imposed pursuant to Rule 11.
 
 
 3
 Under Rule 11, courts are granted authority to impose monetary sanctions upon those persons who sign a complaint knowing it contains false statements. This rule applies to pro se litigants as well as those represented by an attorney. "[A] district court's imposition of Rule 11 sanctions is ordinarily entitled to deference by this Court and may not be disturbed except for abuse of discretion." Stevens v. Lawyers Mutual Liability Insurance Co., 789 F.2d 1056, 1060 (4th Cir.1986). Baldwin's fraudulent conduct clearly falls within the realm of conduct for which a sanction may be imposed. Furthermore, no monetary penalty was actually given; instead a mere reprimand was issued warning Baldwin of the consequences which would result from future fraudulent conduct. The action of the district court was appropriate considering the circumstances in this case.
 
 
 4
 Accordingly, we affirm the decision of the district court. Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument.
 
 
 5
 AFFIRMED.