**MEADOW LIMITED PARTNERSHIP, Plaintiff,**

v.

**HERITAGE SAVINGS & LOAN ASSOC., Jay W. Weinberg, Theodore W. Potter, Bud Smith, the Meadow Farm Partnership, Reuben Freedlander, Eric Freedlander, Eve Freedlander, and William R. Baldwin, III, Defendants.**

**Civ. A. No. 85–0634–R.**

United States District Court, E.D. Virginia, Richmond Division.

July 7, 1987.

James M. Minor, Jr., Minor and Smith, Richmond, Va., Stanley E. Preiser, Charleston, W.Va., for plaintiff.

G.H. Gromel, Jr., Howard L. Kelin, Hunton & Williams, Richmond, Va., for defendants.

## MEMORANDUM OPINION

RICHARD L. WILLIAMS, District Judge.

This matter is before the Court on the Freedlander defendants' motion for expenses. By order dated July 24, 1986, this Court denied the motion for sanctions pursuant to Federal Rules of Civil Procedure 11 and 26, based on its belief that it could not impose sanctions under these rules in cases removed from the state system. Subsequent to that decision, the Fourth Circuit decided the case of *Kirby v. Allegheny Beverage Corp.*, 811 F.2d 253 (4th Cir.1987) and held that sanctions could be imposed in removed cases for actions or proceedings had *after* removal to federal court but not for the filing of the action in state court or for any actions or proceedings in the state court. On appeal of this Court's July 24 order, the Fourth Circuit reversed and remanded with directions that this Court resolve the issue of "[w]hether ... action of the appellee in the federal court after removal warranted sanctions." *Meadow Limited Partnership v. The Meadow Farm Partnership*, 816 F.2d 970 (4th Cir.1987).

■ The standard against which the actions of the plaintiff's attorneys must be considered appears in Rule 11.

The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

As other courts have recognized, Rule 11 addresses two separate issues: one, the problem of frivolous filings, and two, the problem of improper purpose. *See Zaldivar v. City of Los Angeles*, 780 F.2d 823 (9th Cir.1986), *cited in Stevens v. Lawyers Mutual Liability Insurance Co.*, 789 F.2d 1056 (4th Cir.1986), for a discussion of these two issues and the standards to be applied to Rule 11 motions.

As to the first issue, the Advisory Committee Notes state that there is an "affirmative duty" to inquire into both the facts and the law. The standard to be applied to this duty is "reasonableness under the circumstances." This is the prong of Rule 11 that the Freedlander defendants claim was violated in the present case. There is no claim that the present action was brought for an "improper purpose" so that prong of Rule 11 will not be analyzed here.

The factual background of this case is known to the parties and is set forth in this Court's memorandum opinion of July 8, 1986. It will not be repeated here except to the extent necessary to explain the Court's decision on the Freedlander defendants' motion for expenses.

■ The case was removed to this Court from the Circuit Court of the City of Richmond on July 25, 1985, following the filing of an amended motion for judgment by the plaintiff on July 12, 1985. The following day, counsel for the Freedlander defendants wrote counsel for the plaintiff and expressed his clients' intention to invoke Rule 11 sanctions unless the case against them was dismissed. Notwithstanding this demand, counsel for the plaintiff continued to rely upon previous investigation and declined to comply with opposing counsel's demand. When, at an early stage during the pendency of a case, opposing counsel writes a militant letter, which fails to specify the factual or legal deficiencies of the pleadings and, which threatens imposition of Rule 11 sanctions, does Rule 11 require counsel to reevaluate their previous investigation to avoid imposition of Rule 11 sanctions? Where counsel's investigative activity prior to bringing an action or filing an amendment thereto has been a reasonable inquiry into both the facts and the law, the answer has to be no. To hold otherwise would make the availability of discovery as

a means of ascertaining the factual data necessary for the successful prosecution of an action illusory.

In this case, affidavits and depositions of counsel indicate that plaintiff's counsel conducted a substantial investigation before filing the motion for judgment and amended motion for judgment. Three attorneys interviewed two key witnesses on several occasions before the filing. The key witnesses supported their statements with a written chronology and accurately informed plaintiff's counsel of actions that would be taken by defendant Heritage. Three attorneys also interviewed Charles Ayers, a member of the Richmond bar, whose statements supported the previous information counsel had received from Sherman Kennedy and William Brown. These activities of counsel, along with others detailed in their affidavits and depositions, demonstrate that there was a reasonable inquiry into the facts at the time this action was brought. Plaintiff's counsel's continued reliance on this early investigation was reasonable under the circumstances of this case. Seldom in a RICO, conspiracy, or fraud case will counsel have a complete scenario at the time the action is brought. Extensive discovery is often necessary to substantiate allegations such as those made here. This is particularly true where the relationship between the parties and the timing of events give rise to a patina of suspicion.

Plaintiff's counsels' reliance on their previous investigation coupled with their ongoing investigation of the claims of their client in the form of discovery was reasonable until early in 1986 when key witnesses were noticed for depositions and deposed. According to plaintiff's counsel, these witnesses then "changed their stories," and "began to contradict each other and contradict other witnesses that counsel had statements from but who had not yet been deposed."

The duty under Rule 11 to inquire into the facts is a continuing duty and counsel cannot ignore the realities of life once facts come to their attention which indicate that their earlier reliance was misplaced. In this case, plaintiff's counsel's right to rely on their earlier investigation ended at the time of the depositions of their key witnesses in January and February, 1986. Once the witnesses upon whom counsel for the plaintiff were relying were noticed for depositions, plaintiff's counsel should have become aware of information that would cause reasonable attorneys to question their original reliance. Routinely, the Court would expect counsel for the plaintiff to have met with and interviewed these witnesses prior to their depositions. Either through this interviewing process or through the depositions, information surfaced that should have made it clear to plaintiff's counsel that their previous reliance was no longer reasonable. Certainly, no later than March 1, the fact that the claims were not "well grounded in fact" should have been clear and counsel for the plaintiff should have been in a position to dismiss the Freedlander defendants. Despite their knowledge that their earlier evaluations were flawed, counsel for the plaintiff persisted in maintaining the action against the Freedlander defendants and filed a brief in opposition to the Freedlander defendants' motion for summary judgment on May 12, 1986.

Therefore, the Court finds that from March 1, 1986 until May 21, 1986, when the dismissal order was entered, plaintiff's counsel are jointly and severally liable for a portion of the Freedlander defendants' expenses. The Court will not impose sanctions on plaintiff's counsel after that date, including the appeal to the Fourth Circuit, since the appeal was made necessary by the Court's mistaken belief that it could not impose sanctions in a case such as this.

For these reasons and based upon the affidavits submitted by counsel for the Freedlander defendants, the Court imposes sanction in the amount of $10,000.00 on plaintiff's counsel Stanley E. Preiser, Frederick D. Fahrenz, James M. Minor, Jr., and Ronald E. Kuykendall, jointly and severally.

An appropriate order shall enter.