856 F.2d 187
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re Floyd MCKISSICK, Petitioner.
 No. 87-2024.
 United States Court of Appeals, Fourth Circuit.
 Aug. 16, 1988.
 
 Leslie Jane Winner (C. Margaret Errington, Ferguson, Stein, Watt, Wallas & Adkins, P.A., Daniel H. Pollitt, University of North Carolina School of Law on brief) for appellant.
 Jacob Leonard Safron, Special Deputy Attorney General (Lacy H. Thornburg, Attorney General of North Carolina, Ellen B. Scouten, Assistant Attorney General, Raymond E. Dunn (Dunn & Dunn on brief) for appellees.
 Before WIDENER and JAMES DICKSON PHILLIPS, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.
 HAYNSWORTH, Senior Circuit Judge:
 
 
 1
 Floyd McKissick appeals the order of the district court imposing sanctions against him under Fed.R.Civ.P. 11. The district court concluded that McKissick signed and filed a complaint without engaging in a reasonable pre-filing investigation into the legal and factual basis of the claim and reprimanded McKissick. Because the district court did not consider important evidence when it made its sanctions determination, we vacate and remand.
 
 I.
 
 2
 This case has its origins in spring 1985 when Earl Whitted, an attorney in Goldsboro, North Carolina, was disbarred for various financial irregularities. At the time, Whitted was serving as a Goldsboro city councilman; he is the only black ever to serve in that post. The local prosecuting attorney, Don Jacobs, began a criminal investigation several months later, in March 1986. Jacobs instructed Curtis Ellis, a State Bureau of Investigation agent, to conduct an investigation into whether any of Whitted's actions merited criminal prosecution.
 
 
 3
 When Whitted learned of the criminal investigation, he engaged McKissick to represent him. Through the late spring of 1986, McKissick had several discussions with black church and community leaders in the Goldsboro area. As a result of these discussions, McKissick began to suspect that Jacobs's investigation into Whitted's affairs was racially motivated.
 
 
 4
 McKissick was told that Jacobs had failed to institute similar investigations in the past when local white professionals, in these cases doctors, had been disciplined for potentially criminal acts. McKissick also was told that Jacobs had excluded blacks from jury service in cases involving black defendants. Other persons told McKissick that they had heard Jacobs criticize Whitted for failing to contribute to the state attorney general's reelection campaign. McKissick also engaged in discussions with Jacobs, who told McKissick that Whitted should resign his post as city councilman. After these discussions, McKissick concluded that the investigation indeed was racially motivated.
 
 
 5
 As part of the criminal investigation, Jacobs obtained two ex parte state court orders seizing Whitted's financial records, held by two different banks. Before those orders could be executed, McKissick filed suit in Whitted's behalf in the United States District Court on May 30, 1986. Whitted sued Jacobs and Ellis in their official and individual capacities, the State Bureau of Investigation, and the two court orders. That suit sought a preliminary injunction against the enforcement of the state court orders, and alleged violations of 42 U.S.C. Sec. 1983, the fourth, fifth and fourteenth amendments, and the Voting Rights Act.
 
 
 6
 The district court denied the motion for preliminary injunctive relief, stating that the Younger doctrine prohibited the injunction. Younger v. Harris, 401 U.S. 37 (1971). On the defendants' motion, which included a request for attorney's fees, the court subsequently dismissed the suit in its entirety. This court affirmed the dismissal without a published opinion. Whitted v. Jacobs, 818 F.2d 862 (4th Cir.1987).
 
 
 7
 In its August 25, 1986, order dismissing Whitted v. Jacobs, the district court did not award the defendants their requested attorney's fees. The court did, however, on its own motion, order McKissick to show cause why the court should not impose sanctions against him under Fed.R.Civ.P. 11. Although the papers filed in the suit up to that time had baldly sketched out some of McKissick's concerns about Jacobs's investigation, none of the papers described McKissick's pre-filing investigations or research in detail.
 
 
 8
 McKissick and his attorneys appeared at the scheduled hearing on September 15, 1986. McKissick produced an eight-page affidavit describing the circumstances surrounding his filing of the underlying case. The affidavit set out the discussions McKissick had had with various black civic leaders, and described why McKissick concluded that Jacobs's investigation was racially motivated. The affidavit also described McKissick's research into the legal foundation of the claims. The affidavit described his familiarity with that doctrine allowing federal courts to intervene in state proceedings when those proceedings are brought in bad faith to chill the exercise of constitutional rights. See Dombrowski v. Pfister, 380 U.S. 479, 486-92 (1965); see also Younger, 401 U.S. at 49-54. McKissick also acknowledged the provisions of the anti-injunction statute, 28 U.S.C. Sec. 2283 (1982), but noted that the Supreme Court has recognized that suits brought under 42 U.S.C. Sec. 1983 to vindicate civil rights can come within the "expressly authorized" exception to that act. See Mitchum v. Foster, 407 U.S. 225, 242-43 (1972). Based on the facts given him by Whitted and others, McKissick concluded that Jacobs's investigation arguably came within that exception.
 
 
 9
 At the hearing, McKissick submitted his affidavit, and answered questions from the court. McKissick's counsel also spoke in his behalf. The court, McKissick, and McKissick's counsel engaged in a lengthy colloquy over McKissick's actions. After the hearing, McKissick filed a memorandum further explaining his pre-filing actions.
 
 
 10
 The court made lengthy findings of fact and conclusions of law. In its order, the district court noted that the pertinent inquiry was whether McKissick had a reasonable belief in his case at the time he signed and filed the complaint. The court acknowledged that since the dismissal of the underlying suit on its merits, McKissick had come forward with affidavits and memoranda relevant to his pre-filing actions. The court stated, however, that it "declines the invitation to consider this additional information for purposes of sanction determination, and will rely solely on the pleadings, motions and other papers filed in the underlying action, and on McKissick's comments, explanations, and responses in open court...."
 
 
 11
 The court continued, "McKissick submitted to the court his affidavit in which he outlined facts and events which could lend more credence to the claims he attempted to state in the complaint. These facts come too late and will not be considered for purposes of the determination of sanctions."
 
 
 12
 On the basis of the papers filed in the underlying action, the court concluded that McKissick had not acted reasonably when he filed the complaint. The court, therefore, reprimanded McKissick on January 16, 1987.
 
 
 13
 McKissick then brought this appeal.
 
 II.
 
 14
 Under Fed.R.Civ.P. 11, an attorney who signs and files a paper certifies "that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law...." If an attorney signs a paper in violation of Rule 11, the court shall impose an appropriate sanction.
 
 
 15
 The question for the district court, therefore, was whether at the time McKissick filed the complaint, he acted according to an objective standard of reasonableness under the circumstances. Fahrenz v. Meadow Farm Partnership, --- F.2d ----, ---- (4th Cir.1988); Stevens v. Lawyers Mutual Ins. Co., 789 F.2d 1056, 1060 (4th Cir.1986). On appeal, the district court's decision that an individual's actions violated Rule 11 will be overturned only if it is shown to be an abuse of discretion. Fahrenz, --- F.2d at ----; Stevens, 789 F.2d at 1060; Thomas v. Capital Sec. Servs. Inc., 836 F.2d 866, 871-73 (5th Cir.1988) (en banc ); see also Century Prods., Inc. v. Sutter, 837 F.2d 247, 253 (6th Cir.1988).
 
 
 16
 In its order imposing sanctions, the district court explicitly stated that it was limiting its review to those materials filed in the underlying action and to McKissick's statements in the September 15 sanctions hearing. Although the court acknowledged that the facts presented in the affidavit and memoranda could have lent some credence to the merits of the underlying action, the court expressly refused to consider those materials.
 
 
 17
 In so doing, the court confused the relationship of those documents to the merits of the complaint with their relationship to the attorney's basis for filing the complaint. McKissick's affidavit and memorandum indeed "came too late" to affect the merits in Whitted v. Jacobs, but they should have been the very focus of the district court's sanctions inquiry. That those facts could have lent credence to Whitted's underlying claim demonstrated their relevance to the determination of whether McKissick acted reasonably when he filed that claim. McKissick chose not to reveal the exact nature of his pre-filing investigation in the original complaint and subsequent papers, but he came forward with those facts at the proper time.
 
 
 18
 In its order, the district court correctly noted several times that the pertinent inquiry in a sanctions determination was McKissick's pre-filing knowledge. Yet the court refused to consider the very evidence of that knowledge when it was timely offered. The district court's decision to impose sanctions, based as it was on an inappropriately limited record, was an abuse of discretion and cannot be sustained.
 
 
 19
 We do not ourselves decide whether McKissick acted reasonably. We point out that the district court erred when it refused to consider relevant evidence in its sanctions determination.
 
 
 20
 For these reasons, the order of the district court imposing sanctions upon McKissick is vacated, and the case is remanded to the district court for further proceedings consistent with this opinion.
 
 
 21
 VACATED AND REMANDED.