876 F.2d 103
 1989-1 Trade Cases 68,614
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
D & M ORTHOTICS & PROSTHETICS, INC., Plaintiff-Appellee,
v.
SISTERS OF MERCY HEALTH CORPORATION; Catherine McCauley
Health Center; and McCauley Health Plan,
Defendants-Appellants.
 No. 88-1945.
 United States Court of Appeals, Sixth Circuit.
 June 5, 1989.
 
 On Appeal from the United States District Court for the Eastern District of Michigan.
 Before MILBURN and DAVID A. NELSON, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendants-appellants Sisters of Mercy Health Corporation ("SMHC"), Catherine McCauley Health Center, and McCauley Health Plan ("defendants") appeal the judgment of the district court partially denying their motions for sanctions brought pursuant to Rule 11 of the Federal Rules of Civil Procedure against plaintiff-appellee D & M Orthotics and Prosthetics, Inc. ("plaintiff") in this action alleging violations of federal antitrust laws as well as certain state causes of action. For the reasons that follow, we affirm.
 
 I.
 A.
 
 2
 Plaintiff commenced the present case on November 19, 1986, by filing a complaint alleging that defendants had violated sections 1 and 2 of the Sherman Anti-Trust Act, 15 U.S.C. Secs. 1 & 2 (Supp.1989), tortiously interfered with plaintiff's prospective business advantage, and breached express and implied covenants.
 
 
 3
 After substantial discovery, plaintiff voluntarily dismissed its federal antitrust claims on October 8, 1987. On October 23, 1987, the district court entered an order dismissing the plaintiff's remaining state law claims without prejudice, concluding there was no basis for federal jurisdiction.
 
 
 4
 On November 9, 1987, defendants filed a Rule 11 motion for sanctions seeking attorneys' fees and the costs of defending plaintiff's antitrust claims. On November 23, 1987, defendants filed a similar motion with respect to the fees and costs incurred in defending against plaintiff's state law claims. On May 31, 1988, the magistrate issued two reports recommending that defendants' Rule 11 motion with respect to plaintiff's antitrust claims be denied, and that the motion as to plaintiff's state claims be granted only as regards plaintiff's claim for breach of express contract.
 
 
 5
 Plaintiff and defendants both filed objections to the magistrate's reports but on August 11, 1988, the district court adopted the magistrate's findings and accepted the magistrate's recommendations. Defendants timely appealed but plaintiff has not cross-appealed.
 
 B.
 
 6
 Plaintiff is engaged in the practice of manufacturing, selling, and servicing orthotic and prosthetic appliances. Beginning in 1975, plaintiff leased an office suite from defendant SMHC in a professional office building where a number of doctors' offices were located. The lease granted plaintiff the exclusive privilege to provide orthotics and prosthetics in the building.
 
 
 7
 In 1985, SMHC opened another office building, the Reichert Building, and many of the physicians in the professional office building where plaintiff was located moved to the Reichert Building. Plaintiff was not offered a position in the new building. During this same time period, SMHC was in the process of establishing a Health Maintenance Organization ("HMO"). Eventually, defendant McCauley Health Plan was implemented, but plaintiff was not chosen as an approved provider under the plan.
 
 
 8
 These events seriously curtailed plaintiff's business. Plaintiff was allegedly advised by a competitor that defendants were attempting to destroy plaintiff's business. Moreover, according to plaintiff, its former patients reported that defendants had told them that they could no longer be treated by plaintiff. Based on these allegations, plaintiff filed the underlying action.
 
 
 9
 The issue presented in this appeal is whether the district court abused its discretion in denying defendants' request for sanctions as to plaintiff's federal antitrust claims and state claims other than plaintiff's cause of action for breach of express contract.
 
 II.
 A.
 
 10
 In this circuit, appellate review over a district court's decision on Rule 11 sanctions is limited to whether the district court abused its discretion. See Davis v. Crush, 862 F.2d 84, 88 (6th Cir.1988); Canton Police Benevolent Ass'n v. United States, 844 F.2d 1231, 1238 (6th Cir.1988); Century Prods., Inc. v. Sutter, 837 F.2d 247, 250 (6th Cir.1988); INVST Financial Group Inc. v. Chem-Nuclear Sys. Inc., 815 F.2d 391, 401-02 (6th Cir.), cert. denied, 108 S.Ct. 291 (1987). See also Thomas v. Capital Sec. Servs., Inc., 836 F.2d 866, 872 (5th Cir.1988) (en banc) ("After careful consideration ... we believe application of an abuse of discretion standard across-the-board to all issues in Rule 11 cases is the better approach."); EBI, Inc. v. Gator Indus., Inc., 807 F.2d 1, 6 (1st Cir.1986) (per curiam); Cotner v. Hopkins, 795 F.2d 900, 903 (10th Cir.1986); Stevens v. Lawyers Mutual Liability Ins. Co., 789 F.2d 1056, 1060 (4th Cir.1986). But see City of Yonkers v. Otis Elevator, 844 F.2d 42, 49 (2d Cir.1988) (holding "de novo review is required with respect to whether sanctions should be imposed for groundless pleadings"); Stewart v. American Int'l Oil & Gas Co., 845 F.2d 196, 200 (9th Cir.1988) (same).
 
 
 11
 In Century Prods., supra, we held that an individual challenging a district court's sanctions ruling "must show that the district court abused its discretion in finding that his conduct was not unreasonable under the circumstances." 837 F.2d at 250 (citing INVST, 815 F.2d at 401-02). "Because the district court [is] more familiar with the circumstances of the case under review, we reject[ ] the argument that a de novo standard of review should apply instead." Davis, 862 F.2d at 88.
 
 
 12
 In the present case, the district court concluded plaintiff acted reasonably in filing its complaint.
 
 
 13
 What constitutes a reasonable inquiry may depend on such factors as the time available to the signor for investigation; whether the signor had to rely on a client for information as to the facts underlying the pleading, motion, or other paper; whether the pleading, motion, or other paper was based on a plausible view of the law; or whether the signor depended on forwarding counsel or another member of the bar. Fed.R.Civ.P. 11 Advisory Committee's Note to the 1983 Amendment.
 
 
 14
 Century Prods., 837 F.2d at 250. We have also noted that a district court should "avoid using the wisdom of hindsight and should test the signer's [sic] conduct by inquiring what was reasonable to believe at the time the pleading ... was submitted." INVST, 815 F.2d at 401 (quoting Fed.R.Civ.P. 11 Advisory Committee's Note to the 1983 Amendment). Thus, an objective standard of reasonableness, under the circumstances at the time, is to be employed by the district court. See Mihalik v. Pro Arts, Inc., 851 F.2d 790, 793 (6th Cir.1988); Century Prods., 837 F.2d at 251; Westmoreland v. CBS, Inc., 770 F.2d 1168, 1177 (D.C.Cir.1985).
 
 B.
 
 15
 Defendants first argue that the district court erred in denying sanctions as to plaintiff's claim under section 1 of the Sherman Anti-Trust Act, 15 U.S.C. Sec. 1. In order to establish a section 1 claim, a plaintiff must show: (1) a contract, combination or conspiracy; (2) affecting interstate commerce; (3) which imposes an unreasonable restraint on trade. White & White, Inc. v. American Hosp. Supply Corp., 723 F.2d 495, 504 (6th Cir.1983). Defendants assert that neither the first nor third elements were supported by any factual or legal basis in plaintiff's complaint.
 
 
 16
 The district court, however, held that there was evidence upon which plaintiff could reasonably have concluded, under the circumstances, that an agreement existed imposing an unreasonable restraint upon trade. Specifically, the district court relied upon statements allegedly made to plaintiff prior to filing its complaint by a competitor who advised that defendants were out to destroy plaintiff. The district court found this circumstantial evidence reasonably could cause plaintiff to believe that defendants were attempting to restrict competition by limiting plaintiff's access to patients. Moreover, the district court found it was legitimate for plaintiff to hope that subsequent discovery would reveal an effect upon the market generally. The court found that plaintiff could have reasonably hoped to bring to bear the investigative tools provided by the rules of discovery after filing its complaint. In our view, the court did not abuse its discretion in reaching this conclusion.
 
 
 17
 We also hold that the court did not abuse its discretion in denying defendants' request for sanctions with respect to plaintiff's claim under section 2 of the Sherman Anti-Trust Act, 15 U.S.C. Sec. 2, for monopolization and attempted monopolization. To establish a section 2 cause of action, it must be shown that defendants possessed monopoly power, normally demonstrated by large market shares. See, e.g., Richter Concrete Corp. v. Hilltop Concrete Corp., 691 F.2d 818, 826 (6th Cir.1982). Defendants seemingly argue that sanctions are mandatory for a section 2 claim where the plaintiff does not conduct market share research prior to filing its complaint. The district court, however, found that often the information necessary to determine an antitrust defendant's market share is not available without use of the discovery process. We agree that although in some cases it may be unreasonable to file a complaint without market share research, in the present case, plaintiff conducted reasonable inquiry as the facts necessary to establish its section 2 claim could be developed through discovery. Thus, we agree with the district court that the plaintiff's attorney acted reasonably.
 
 
 18
 Finally, defendants assert that the district court erred in denying sanctions as to plaintiff's claims under state law for tortious interference and breach of an implied covenant. The district court found that at the time plaintiff filed its complaint, it was not unreasonable for it to believe that defendants tortiously interfered with plaintiff's business expectations and that defendants breached an implied covenant regarding plaintiff's exclusive privileges to operate as orthotics and prosthetics providers in defendants' buildings. After careful consideration of the record, we conclude that the district court did not abuse its discretion in reaching this conclusion.
 
 III.
 
 19
 Accordingly, for the reasons stated, the judgment of the district court is AFFIRMED.
 
 
 20
 DAVID A. NELSON, Circuit Judge, concurring in part and dissenting in part.
 
 
 21
 I concur in the judgment and in all of the majority opinion except Part II A. See Century Products, Inc. v. Sutter, 837 F.2d 247, 253 (6th Cir.1988) (Nelson, J., concurring).