877 F.2d 59
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ernest Philip BRADLEY Zella Bradley, Richard M. Toombs,
Plaintiffs-Appellants,
v.
COMMONWEALTH OF VIRGINIA, John F. Daffron, Jr., Chief
Chancellor, Emmett L. Wingo, Sheriff, Captain Martin, Deputy
Sheriff, McCulley, Deputy Sheriff, Nunnley, Deputy Sheriff,
Allen, Deputy Sheriff, Styles, Deputy Sheriff, Shearin,
Deputy Sheriff, Barnes, Deputy Sheriff, R. Calvert Esleeck,
Browder, Russell, Morris, and Butcher Law Firm, John H.
Obrion, Jr., Lynn Jones Blain, Paul S. Bliley, Jr., Ronald
P. Livingston, Jacquelin Gerald, Deputy Clerk, Cowan & Owen
Law Firm, William Joseph Owen, III, Esquire, Frank N. Cowan,
Esquire, Sandra J. Lewis, Francine Stanely Haymes, Elizabeth
Reeves Leverton, ("Betsy"), Lloyd Jackson, Inez Jackson,
Chesterfield County, Virginia, Defendants-Appellees.
 No. 87-3156.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 5, 1989.
Decided June 2, 1989.
Rehearing and Rehearing In Banc Denied Nov. 1, 1989.
 
 Ernest Philip Bradley, Zella Bradley, Richard M. Toombs, appellants pro se.
 Guy Winston Horsley, Jr., Gail Starling Marshall, Office of the Attorney General of Virginia, for appellees Commonwealth of Virginia and John F. Daffron, Jr., Michael Paul Falzone, Charles Frederick Witthoefft, Hirschler, Fleischer, Weinberg, Cox & Allen, for appellees Emmett L. Wingo, Captain Martin, Deputy Sheriffs McCulley, Nunnley, Allen, Styles, Shearin, and Barnes.
 Douglas Michael Nabhan, James Jospeh Burns, Williams, Mullen, Christian & Dobbins, for appellees R. Calvert Esleeck, Sandra J. Lewis, Francine Stanely Haymes, Elizabeth Reeves Leverton, Lloyd Jackson, and Inez Jackson.
 Ann Adams Webster, James Watson Morris, III, William Jefferson G. Barnes, Browder, Russell, Morris & Butcher, for appellees Browder, Russell, Morris, and Butcher Law Firm, John H. Obrion, Jr., Lynn Jones Blain, and Paul S. Bliley, Jr.
 Steven Latham Micas, Jeffrey Lee Mincks, David L. Hauck, County Attorney's Office, for appellees Chesterfield County, Virginia, Ronald P. Livingston, and Jacquelin Gerald.
 Harry Leigh Thompson, Thompson, Smithers, Newman & Wade, for appellees Cowan & Owen Law Firm, William Joseph Owen, III, and Frank N. Cowan.
 Before DONALD RUSSELL, K.K. HALL, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 The appellants, Ernest Philip Bradley, his wife, Zella Bradley, and Richard M. Toombs sued everyone involved in a state court suit against them for alleged violations of their civil rights. The litigation in state court resulted in a judgment against the Bradleys and Toombs for fraud and conversion. Under the guise of a civil rights suit, the Bradleys and Toombs sought 300 million dollars in damages, reconveyance to them of property lost as a result of the state court judgment, and an injunction against enforcement of the judgment. The district court granted summary judgment for the defendants and imposed sanctions on the Bradleys and Toombs pursuant to Fed.R.Civ.P. 11. We affirm.
 
 
 2
 The complaint filed in the district court challenged the result of the state court action and sought relitigation of several aspects of that action. The complaint also asserted several state law torts associated with the state court judgment. The district court lacked jurisdiction over these concerns, see District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and this holds true even though the appellants' complaint was phrased in terms of alleged civil rights violations. See, e.g., Hale v. Harvey, 786 F.2d 688, 691 (5th Cir.1986) (federal district court had no jurisdiction to consider plaintiff's Sec. 1983 action against ex-wife, her lawyer, and state judge who rendered divorce and child custody decree because such action was "inextricably intertwined" with the state court decision). Thus, we affirm the district court's judgment for the defendants because the district court lacked jurisdiction over the complaint and because the appellants failed to state a federally cognizable claim. With one exception,* we adopt the cogent reasoning of the district judge. Bradley v. Commonwealth of Virginia, C/A No. 87-401 (E.D.Va. Sept. 8, 1987). We find no abuse of discretion in the imposition of Rule 11 sanctions. See Stevens v. Lawyers Mut. Liab. Ins. Co., 789 F.2d 1056, 1060 (4th Cir.1986).
 
 
 3
 We dispense with oral argument because the facts and legal arguments are adequately contained in the record and argument would not aid the decisional process. The appellants' motion to reinstate their appeal is granted; the motion to supplement the record on appeal with documents relating to the state court litigation is denied.
 
 
 4
 AFFIRMED.
 
 
 
 *
 The district court dismissed the claims against the Deputy Circuit Court Clerk of Chesterfield County based on the perceived adequacy of state post-deprivation remedies. We affirm the judgment as to the deputy clerk based on the prohibition on the exercise of federal jurisdiction contained in the Rooker-Feldman doctrine