27 F.3d 563
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
NATIONSBANK OF VIRGINIA, N.A., formerly known as Sovran
Bank, N.A., Plaintiff,
v.
Joseph MIZRACHI, Third Party Plaintiff-Appellee,
Stephen ROBERTI; Leigh Lasky; Marilyn Neiman; Charles
Lollar, Appellees,
and
JORDACHE VENTURE ASSOCIATES; Joseph Nakash, Defendants,
v.
Leonard STRELITZ; Ellis J. Strelitz; Bonnie S. Brand,
Third Party Defendants-Appellants,
and
Robert G. MOORE; Jerry T. Womack; Wendell A. White;
Donald L. Moore; Edward S. Garcia, Sr.; Edward S. Garcia,
Jr.; Michael F. Gelardi; Ronald I. Dozoretz; Robert E.
Ruloff; Thomas B. Shuttleworth; Gregory A. Giordano;
Nancy A. Creech; Three Gees Associates; SRKG Associates;
Rid Land Investment, Incorporated, Third Party Defendants.
 No. 93-2127.
 United States Court of Appeals, Fourth Circuit.
 Argued May 12, 1994.
Decided June 27, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. John A. MacKenzie, Senior District Judge. (CA-92-494)
 Argued: Thomas Marshall Wolf, David Denman Hopper, Mezzullo & McCandlish, Richmond, VA, for Appellants.
 Marilyn Neiman, Beigel, Schy, Lasky, Cohen, Rifkind & Hennessey, New York, NY, for Appellees. On brief: Peter S. Lake, Heilig, McKenry, Fraim & Lollar, Norfolk, VA, for Appellee Lollar.
 E.D.Va.
 AFFIRMED.
 Before ERVIN, Chief Judge, SPROUSE, Senior Circuit Judge, and DUPREE, Senior United States District Judge for the Eastern District of North Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 This appeal is from a judgment of the district court denying costs and imposition of sanctions against Joseph Mizrachi and his attorneys under Federal Rule of Civil Procedure 11 and 28 U.S.C. Sec. 1927. We affirm.
 
 
 2
 The suit underlying this controversy was based on a complaint by NationsBank of Virginia, N.A., for monies it claimed were due it pursuant to two guarantees executed by Joseph Mizrachi on two notes, which were executed in relation to a real estate venture. Mizrachi filed a counterclaim against NationsBank and a third-party complaint against eighteen defendants, most of whom were partners in the real estate venture. Some months after it was filed, the district court dismissed the third-party complaint against all third-party defendants except Leonard Strelitz, Ellis J. Strelitz, Robert G. Moore, and Wendell A. White. These remaining parties reached an agreement prior to the trial of the case. Consequently, Mizrachi's third-party complaint against White and Leonard Strelitz was dismissed with prejudice and was dismissed as to Robert G. Moore without prejudice. The court also dismissed Mizrachi's remaining claims against Ellis Strelitz asserted in an amended third-party complaint.
 
 
 3
 After the district court resolved these matters, Leonard Strelitz, Ellis J. Strelitz, and Bonnie S. Brand, a Strelitz family member, three of the defendants in Mizrachi's counterclaim, filed a proposed bill of costs and motions under Federal Rule of Civil Procedure 11 and 28 U.S.C. Sec. 1927, demanding sanctions against Mizrachi and his attorneys, Charles Lollar, Marilyn Neiman, Stephen Roberti and Leigh Lasky. After a hearing, the district court denied the motions.* It is from that ruling that the Strelitzes appeal.
 
 
 4
 The district court, before ruling, carefully considered the facts comprising the background to Mizrachi's decision to file his third-party complaint, the somewhat complex circumstances relating to attorney Lollar's signing of the third-party complaint, and the participation of the other attorneys in various phases of the lawsuit. The district court properly exercises a broad discretion in resolving sanction issues, Stevens v. Lawyers Mut. Liab. Ins. Co., 789 F.2d 1056, 1059 (4th Cir.1986), and there was no abuse of discretion here. The judgment of the district court is affirmed based on its opinion of August 4, 1993.
 
 AFFIRMED
 
 
 *
 NationsBank moved for an award of costs and sanctions against Mizrachi. The district court's action resolving that motion was not appealed