William T. CONKLIN,
Plaintiff-Appellant
Cross-Appellee,

v.

The UNITED STATES of America,
Defendant-Appellee
Cross-Appellant.

Nos. 86–1778, 86–2064.

United States Court of Appeals,
Tenth Circuit.

March 4, 1987.

William T. Conklin, pro se.

Roger M. Olsen, Asst. Atty. Gen., Michael L. Paup, Charles E. Brookhart, and Michael Roach, Attys., Tax Div., Dept. of Justice, Washington, D.C. (Robert N. Miller, U.S. Atty., Denver, Colo., of counsel) for defendant-appellee cross-appellant.

Before McKAY and SEYMOUR, Circuit Judges, and SAM, District Judge.[*]

PER CURIAM.

After examining the briefs and the appellate records, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of these appeals. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.8(c) and 27.1.-2. The causes are therefore ordered submitted without oral argument.

This is an appeal and cross-appeal from an order of the district court awarding attorney's fees and costs in the amount of $356.29 to the government for its defense of the action below. Plaintiff brought this action to recover a $152 witness fee and allowance for responding to an Internal Revenue Service (IRS) summons, pursuant to 26 U.S.C. § 7610(a) and 26 C.F.R. § 301.7610–1(d).

The district court's award of fees and costs to the government must be vacated. The award was obtained on the basis of an incomplete and misleading version of the relevant facts that supported the government's patently inaccurate account of plaintiff's conduct in this case.

The government complains that plaintiff impatiently and unreasonably filed suit just one day after the IRS received his administrative request (Form No. 1157) for the same relief. The government neglects to mention the prior conduct of the IRS that prompted the suit. When plaintiff appeared and produced the records as requested by the summons, the IRS apparently never informed him of his possible

---

[*] The Honorable David Sam, United States District Judge for the District of Utah, sitting by

designation.

entitlement to the statutory fee and allowances. After plaintiff became aware of his rights and sent a letter inquiry, the IRS refused even to provide plaintiff with the required administrative request form. Plaintiff eventually obtained the form—with no accompanying assurance of payment—only by threatening and finally filing suit over a separate but similar summons. Plaintiff copied the form and filed one copy for each summons responded to. Since the suit plaintiff then had pending, by virtue of which he had been able to compel the IRS to provide him the necessary administrative form and by which he hoped eventually to compel payment, applied only to the other summons, plaintiff filed this action to ensure like treatment with respect to the instant summons.

Thereafter, according to the government, the IRS determined in the course of routine processing that plaintiff was entitled to a $30.82 fee and allowance, which was sent to plaintiff on October 18, 1984. The records show, however, that the district court presiding over the companion case had already entered judgment for plaintiff on the other summons in the amount of $30.82 plus interest on October 10, 1984. One week later, plaintiff had moved for summary judgment in the case at bar, and, as noted above, the next day the IRS paid the determined sum. Whatever the actual reason for the timing of the payment, plaintiff's perception that his litigation had been instrumental in its procurance was entirely reasonable. This point is important in the assessment of plaintiff's continued prosecution of this action, which, in the view of the government, was the final, telling indication of plaintiff's bad faith in this case.

After the tender of the $30.82, the government moved for dismissal of the case. The government included a request for costs and fees in the motion, contending that the timing of the suit and the excessiveness of the relief sought evidenced plaintiff's intent simply to harass the government. Plaintiff's response to the motion, as characterized by the government, was an obstinate refusal to abandon his excessive and unjustifiable claim for $152. This was all evidently accepted at face value by the district court, which concluded without elaboration that plaintiff's filing and continued prosecution of the action was frivolous and warranted the award of fees and costs under Fed.R.Civ.P. 11 and 28 U.S.C. § 2412.

In stark contrast to the government's contention, plaintiff's response to the motion to dismiss acknowledges the payment of the witness fee and allowance and does not so much as mention the initially requested $152. Furthermore, the motion unmistakably indicates plaintiff's intention to continue the litigation solely for the stated purpose of seeking costs of the action, which, at least from plaintiff's point of view, had been both necessary and successful in exacting due payment from a recalcitrant IRS. *See* 28 U.S.C. § 2412.

We conclude that the record cannot support the award of costs and fees in favor of the government. Because we hold the award cannot stand, we do not consider the issues concerning the proper amount of the award that have been raised by the government on cross-appeal.

The order of the United States District Court for the District of Colorado entered May 20, 1986, awarding costs and attorney's fees to the defendant is VACATED.

The mandate shall issue forthwith.