Frederick D. **FAHRENZ**; Ronald E. Kuykendall; James M. Minor, Jr.; Stanley E. Preiser, Parties in Interest–Appellees,

and

Meadow Limited Partnership, Plaintiff,

v.

The MEADOW FARM PARTNERSHIP; Reuben Freedlander; Eric Freedlander; Eve Freedlander, Defendants–Appellants,

and

Heritage Savings & Loan Association; Jay W. Weinberg; Theodore W. Potter; Bud Smith; William R. Baldwin, III, Defendants,

Association of Trial Lawyers of America; Virginia Trial Lawyers Association, Amici Curiae.

Frederick D. **FAHRENZ**; Ronald E. Kuykendall; James M. Minor, Jr.; Stanley E. Preiser, Parties in Interest–Appellants,

and

Meadow Limited Partnership, Plaintiff,

v.

The MEADOW FARM PARTNERSHIP; Reuben Freedlander; Eric Freedlander; Eve Freedlander, Defendants–Appellees,

and

Heritage Savings & Loan Association; Jay W. Weinberg; Theodore W. Potter; Bud Smith; William R. Baldwin, III, Defendants.

MEADOW LIMITED PARTNERSHIP, Plaintiff–Appellant,

v.

The MEADOW FARM PARTNERSHIP; Reuben Freedlander; Eric Freedlander; Eve Freedlander, Defendants–Appellees,

and

Heritage Savings & Loan Association; Jay W. Weinberg; Theodore W. Potter; Bud Smith; William R. Baldwin, III, Defendants.

Nos. 87–3608, 87–3609, 87–3613.

United States Court of Appeals, Fourth Circuit.

Argued April 7, 1988.

Decided July 1, 1988.

208

George H. Gromel, Jr. (James L. Banks, Jr., Hunton & Williams, Richmond, Va., on brief) for appellants.

Stanley E. Preiser, Charleston, W.Va., James M. Minor, Jr., Richmond, Va., (Ronald E. Kuykendall, Richmond, Va., Frederick D. Fahrenz, Charleston, W.Va., on brief) for appellees.

Eugene I. Pavalone, President, Ass'n of Trial Lawyers of America; Washington, D.C., Robert W. Mann, President, Virginia Trial Lawyers Ass'n; Martinsville, Va., Donald W. Lemons, Lucy H. Allen, Martha D. Hartmann–Harlan, McCarthy & Durrette, P.C., Richmond, Va., on brief, for amicus curiae.

Before WIDENER and CHAPMAN, Circuit Judges, and MICHAEL, United States District Judge for the Western District of Virginia, sitting by designation.

MICHAEL, District Judge:

This is an appeal of the district court's imposition of a $10,000 sanction, pursuant to Rule 11, Federal Rules of Civil Proce-

dure, against James Minor, Ronald Kuykendall, Stanley Preiser, and Frederick Fahrenz, lawyers representing Meadow Limited Partnership in this action, 118 FRD 432. Appellants Ruben Freedlander, Eve Freedlander, Eric Freedlander, and their partnership, Meadow Farm Partnership appeal the amount of the sanction, asserting that it is insufficient to recover the expenses they incurred in defending the claims brought against them. The appellee (Meadow Limited Partnership), and its lawyers, cross-appeal, and urge this court to overturn the district court's order imposing the sanction. Finding no abuse of discretion in either the imposition of Rule 11 sanctions or the amount, we affirm the district court's order.

The genesis of this action centers upon Meadow Limited Partnership's filing a motion for judgment, and then an amended motion for judgment in the Circuit Court for the City of Richmond, Virginia. The amended motion for judgment raised claims against two groups of defendants: the Freedlander defendants and the Heritage defendants. The Freedlander defendants are the only ones presently before this court.

The plaintiff's claims arose out of the April 18, 1984, foreclosure sale of real property known as Meadow Farm, located in Caroline County, Virginia, and the resulting extinguishment, under Virginia law, of plaintiff's second deed of trust securing approximately $235,000. Heritage Savings and Loan Association purchased the property at the foreclosure sale and the Freedlanders later purchased Meadow Farm from Heritage.

Prior to the foreclosure sale, the then owner of the property, Orran V. Jarrell and Associates (Jarrell), had attempted to sell the property to a joint venture entity consisting of RKO Hotel Corporation and A. Cal Rossi (RKO/Rossi). As part of the proposed sale from Jarrell to RKO/Rossi, RKO/Rossi created a document that acknowledged that Jarrell owed plaintiff (Meadow Limited Partnership) $235,000, and that the debt was secured by a second deed of trust on Meadow Farm. The record reflects that Jarrell and RKO/Rossi worked vigorously in trying to close this deal but that the sale never was consummated. It was the failure of the proposed sale that gave rise to this lawsuit.

After the foreclosure sale, the plaintiff filed suit in the Circuit Court for the City of Richmond. On July 12, 1985, the plaintiff filed an amended motion for judgment which named as defendants the Freedlanders, Heritage and its officers, directors, and counsel: Jay Weinberg, Ted Potter, Bud Smith, and Bill Baldwin. The amended motion asserted claims against each defendant for violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1968 (RICO), civil conspiracy to defraud the plaintiff, and other asserted causes of action. The crux of plaintiff's charges against the Freedlanders was that they had conspired with Heritage to undermine the proposed sale of Meadow Farm by Jarrell to RKO/Rossi and thereby prevent Jarrell's $235,000 debt to Meadow Limited Partnership to be satisfied. The case was removed to the United States District Court on July 25, 1985.

Central to the plaintiff's RICO and conspiracy to defraud claim was a seven-page written summary prepared by William Brown and Sherman Kennedy, two local real estate brokers who represented Jarrell in the proposed sale to RKO/Rossi, which set forth a chronology of events that transpired and which raised the inference that the Freedlander's purchase of Meadow Farm was procured through fraudulent means. Attorneys for the plaintiff also met with one Charles Ayers, an attorney representing Jarrell, who confirmed the facts set out in the chronology. The information contained in the seven-page written summary and the information elicited from Ayers was later incorporated in the amended motion for judgment filed by the plaintiff against the Freedlander defendants.

In early 1986, Kennedy, Brown and Ayers were noticed for depositions. Messrs. Kennedy and Brown were deposed by defense counsel on January 24, 1986; Charles Ayers on February 7, 1986. In their deposition testimony, the three witnesses repu-

diated their previous statements which arguably gave rise to an inference of fraud and illegality in the foreclosure sale. In fact, all three testified that they possessed no information or evidence whatsoever that implicated any of the Freedlanders in illegality or fraud in obtaining Meadow Farm. Despite this information, the plaintiff's attorneys continued to press their suit on the RICO and conspiracy claims, going so far as to file a brief in opposition to the Freedlander defendants' motion for summary judgment on May 12, 1986.

In its memorandum opinion imposing the $10,000 sanction against the plaintiff's attorneys, the trial court found that the plaintiff's attorneys had undertaken a reasonable inquiry into the facts underlying the RICO and conspiracy claims at the time that the amended complaint was filed, but that, as of March 1, 1986, when the depositions of these three key witnesses were complete, the plaintiff's claims were not well grounded in fact. The court found that the plaintiff's attorneys' continued reliance on their original investigation of the claims was unreasonable in light of this new information, and that the continued, dogged pursuit of the then baseless claims was in violation of Rule 11. In so finding, the court specifically noted its disapproval of the plaintiff's opposition to the motion for summary judgment of the defendants, as exemplified by the plaintiff's brief in opposition to the motion filed on May 12, 1986, well after the completion of the depositions of these three witnesses, whose testimony was critically necessary to support the plaintiff's case. Further, the court found that the relevant time frame for determining an appropriate sanction was from March 1, 1986, after the completion of the depositions, to May 21, 1986, when the action was finally dismissed. The court considered all of the relevant facts, including the affidavits of the parties, in arriving at the $10,000 figure.

Rule 11 provides in pertinent part that: The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

In order to determine "improper motive" under Rule 11, a court must judge the attorney's conduct under an objective standard of reasonableness rather than assessing subjective intent. *Stevens v. Lawyers Mutual Liability Ins. Co. of North Carolina*, 789 F.2d 1056, 1060 (4th Cir.1986). Moreover, the decision whether to impose sanctions pursuant to Rule 11 is within the sound discretion of the trial court and the court's decision will only be reversed if it is a clear abuse of discretion. *Stevens*, 789 F.2d at 1060; *See also, Cleveland Demolition Company Inc. v. Azcon Scrap Corp.*, 827 F.2d 984, 985 (4th Cir.1987); *Basch v. Westinghouse Electric Corp.*, 777 F.2d 165, 174 (4th Cir.1985).

In this case, given the circumstances just related above, we can only conclude that the plaintiff's pursuit of its cause of action was objectively frivolous once the three key witnesses had been deposed and had repudiated the accusations that had formed the basis for the plaintiff's amended complaint. Plaintiff's counsel acted unreasonably in filing a brief in opposition to summary judgment once this evidence came to light. We conclude, therefore, that the trial court's order, imposing Rule 11 sanctions for the relevant time frame thereafter, is entitled to deference as it was

not an abuse of discretion.[1]

 With respect to the Freedlander defendants' appeal of the amount of sanction imposed, it is important to note that Rule 11 speaks in terms of an "appropriate sanction". What constitutes reasonable expenses within the context of Rule 11 must be considered in relation with the Rule's goals of deterrence, punishment, and compensation. In this respect, "reasonable" does not necessarily mean actual expenses and attorney's fees. Instead, Rule 11 leaves the determination of the "appropriate sanction" to the sound discretion of the trial court and, as noted, such awards are reviewed under an abuse of discretion standard. *See, Basch,* 777 F.2d at 174; *Stevens,* 789 F.2d at 1060.

 In arriving at the amount of the sanction here, the trial court clearly set out the specific time frame for which sanctions were appropriate. It considered all of the evidence before it, including the affidavits of the parties. The $10,000 amount appears reasonable in light of the attorneys' fees and expenses that would be expected to be incurred within this relatively short time frame. Consequently, the trial court's determination of the amount of sanction is also entitled to deference as it was not an abuse of discretion.

Finding no error in its ruling, the judgment of the district court is

AFFIRMED.

---

1.  Under 28 U.S.C. § 1927 the court is empowered to assess costs, expenses, and attorney's fees against counsel for pursuing frivolous claims. While § 1927 does not bear directly on Rule 11, the authority granted under § 1927 is useful in weighing the questions raised by a charge of an abuse of discretion. Section 1927 reads, in pertinent part, as follows:

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses and attorneys' fees reasonably incurred because of such conduct.

The crux of the district court's order imposing sanctions was that plaintiff's counsel continued to pursue their claims for some time after it would have been reasonable and responsible to dismiss the claims. Under these circumstances it was not an abuse of discretion for the district court to impose sanctions pursuant to Rule 11, nor would it have been an abuse of discretion to award the defendants the expenses they incurred in defending the baseless claims, pursuant to 28 U.S.C. § 1927. *See, e.g., Dreiling v. Peugeot Motors of America, Inc.,* 768 F.2d 1159, 1166 (10th Cir.1985).

