894 F.2d 401
 15 Fed.R.Serv.3d 777
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
ALMI PICTURES, INC., Plaintiff-Appellant,
v.
WFTY, INC., Defendant-Appellee.
ALMI PICTURES, INC., Plaintiff-Appellee,
Gilbert B. Weiner; James J. Brown, Appellees,
v.
WFTY, INC., Defendant-Appellant.
ALMI PICTURES, INC., Plaintiff,
and
Gilbert B. Weiner; James J. Brown, Appellants,
v.
WFTY, INC., Defendant-Appellee.
 Nos. 89-2923 to 89-2925.
 United States Court of Appeals, Fourth Circuit.
 Argued: Oct. 31, 1989.
Decided: Jan. 12, 1990.
 
 K. Donald Proctor (Jeffrey P. Reilly, Miles & Stockbridge; William W. Cahill, Jr., Michael P. Smith, Weinberg and Green, on brief), for appellants.
 Joe Robert Reeder (Deborah M. Lodge, Jonathan N. Halpern, Patton, Boggs & Blow, on brief), for Appellee.
 Before K.K. HALL, MURNAGHAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Almi Pictures, Inc., Gilbert B. Weiner, and James J. Brown (collectively "appellants") appeal the district court's order, under Fed.R.Civ.P. 11, to pay $50,000 in sanctions to WFTY, Inc. WFTY cross-appeals on the grounds that the amount of the sanctions is insufficient. We affirm.
 
 
 2
 * These Rule 11 sanctions arose from a contract action over a failed movie license agreement between Almi, which licenses movie broadcast rights, and WFTY, a Washington, D.C. area television station. On October 3, 1986, after WFTY failed to make the first payment under the contract, Almi's in-house counsel engaged the law firm of Weinberg and Green to file suit. Almi sent to the firm a copy of the demand letter that had been sent to WFTY, a copy of a complaint filed in a similar action, and a purported copy of the contract.
 
 
 3
 When the firm received this information, the case was assigned to appellant Brown, then an associate at the firm,[1] who was to be supervised by appellant Weiner, a partner in the firm. Brown immediately drafted a second demand letter, dated October 6, 1986, which was hand-delivered to WFTY. Brown also read the contract, spoke to Almi's in-house counsel, and spoke to the person who negotiated the contract for Almi. That was the extent of the pre-filing inquiry. Using the complaint sent by Almi as a guide, Brown then drafted a complaint, reviewed it with Weiner, and filed it the next day, October 7, 1986. The basis of the suit was the parties' written agreement, a photocopy of which was attached to the complaint.
 
 
 4
 During the course of discovery, it came to light that the photocopy of the contract, which appeared to be an unaltered document, was not faithful to the original. In fact, without Almi's knowledge, material alterations had been made to the agreement by one of its employees which made it clear that the writing was not a valid contract.[2]
 
 
 5
 After the altered original was uncovered, WFTY moved for summary judgment on the claim and also for Rule 11 sanctions. Almi opposed both motions. On the merits, Almi conceded that the writing was void but pressed alternative implied contract theories of recovery based on the parties' course of conduct. The district court rejected these alternative theories and, by order dated March 1, 1988, entered summary judgment for WFTY on the contract claim.[3]
 
 
 6
 On the motion for sanctions, Brown and Weiner maintained that their inquiry into the factual basis for the suit was reasonable and, consequently, that neither they nor their client could be sanctioned under Rule 11. After holding a separate hearing on the matter, the district court found that the prefiling inquiry was not reasonable. In particular, the court found that inconsistencies between the complaint and the contract, as well as inconsistent dates within the photocopy of the contract itself, should have alerted Brown and Weiner that more investigation into the factual support for the claim was necessary. Consequently, the court found that the filing of the complaint with the misleading copy, as well as Almi's subsequent reliance on the written agreement, constituted sanctionable conduct. However, the court also held that Almi's continued prosecution of the case after the discovery of the original was not sanctionable because its alternative contract theories, although insufficient to survive summary judgment, were not frivolous. The court then imposed a sanction of $50,000, approximately one-half of WFTY's reasonable attorney's fees that resulted from the submission of the misleading photocopy. The court reasoned that in view of the negligent nature of appellants' conduct, the fine adequately served the dual purposes of punishing appellants and compensating WFTY. The court then apportioned the sanction according to the relative degree of fault between client and counsel, assessing $49,000 against Almi, and $1,000 jointly and severally against Weiner and Brown. The appeals and cross-appeal followed.
 
 II
 
 7
 Appellants contend that the district court erred in concluding that Weiner and Brown violated Rule 11 by not making a reasonable inquiry into the factual basis for the contract claim. WFTY counters by arguing that not only was the trial court correct in finding a Rule 11 violation but that the court also should have found a continuing violation in Almi's persistent prosecution of the claim after the altered original came to light. Finally, both parties raise various arguments over the amount of the sanction imposed.[4] We find none of these arguments persuasive in view of the district court's broad discretion under Rule 11.
 
 In pertinent part, Rule 11 states:
 
 8
 The signature of an attorney or party [on a pleading, etc.] constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact. ... If a pleading, motion or other paper is signed in violation of this rule, the court ... shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of reasonable expenses incurred because of the filing of the pleading, motion or other paper, including a reasonable attorney's fee.
 
 
 9
 This rule makes express an attorney's duty to conduct an objectively reasonable investigation into the factual basis of a claim before filing a complaint. Cleveland Demolition Co., Inc. v. Azcon Scrap Corp., 827 F.2d 984, 987 (4th Cir.1987). As we have made clear time and again, a district court has broad discretion in determining whether an attorney has breached this duty as well as in determining a sanction appropriate for the breach. E.g., Fahrenz v. Meadow Farm Partnership, 850 F.2d 207, 210 (4th Cir.1988). We will reverse a Rule 11 sanction only on a showing of a clear abuse of that discretion. Id. We find no such abuse in the case at bar.
 
 
 10
 First, contrary to appellants' assertions, the record fully supports the conclusion that an objectively reasonable prefiling inquiry was not made. As the district court pointed out, nothing more than a close reading of the photocopy of the contract and the complaint would have revealed inconsistencies that would have alerted a reasonable attorney that more investigation was necessary. Furthermore, the cursory discussions with Almi and the haste with which this complaint was filed bolster the court's conclusion that the inquiry was deficient. Likewise, appellant's reliance on the misleading photocopy for over a year while WFTY endured needless litigation expense also merited sanctions. There is simply no reason why appellants did not uncover the altered original sooner when they admit that it was in Almi's files the entire time. We have no difficulty in affirming the lower court's finding that the pre-filing inquiry and subsequent reliance on the photocopy deserved sanctions under Rule 11.
 
 
 11
 Similarly, we find no error in the district court's determination that appellants' pursuit of the claim after the altered original was discovered did not merit sanctions. While their alternative implied contract theories were insufficient to survive summary judgment, that certainly does not mean that they were necessarily so frivolous as to merit sanctions. Here the court found that the parties "clearly had a dispute that merited attention" and that appellant's opposition to the summary judgment motion "had some merit." Our review of the record leads us to agree. Consequently, there was no abuse of discretion in refusing to sanction appellants' continued pursuit of the contract claim.[5]
 
 
 12
 Finally, appellants argue that even if a Rule 11 violation occurred, the lower court erred both in deciding to impose a monetary sanction and in determining the amount of that sanction. Not surprisingly, WFTY disagrees, contending that the court should have imposed an even greater sanction, one equal to all of the legal expenses it claims were a direct result of the misleading photocopy, over $180,000. Neither of these arguments has merit.
 
 
 13
 As we noted before, we review a trial court's determination of an "appropriate sanction" only for an abuse of discretion. Fahrenz, 850 F.2d at 211. Here the court carefully considered WFTY's expense, balanced it against the non-wilful nature of appellants' breach of Rule 11, and concluded that $50,000 was an appropriate sanction. Under the circumstances, we find this figure to be reasonable and well within the bounds of the lower court's discretion. The parties' detailed arguments over how the court should have calculated fees in arriving at this figure misperceive the basic purposes of Rule 11. The rule is not a fee-shifting statute. While compensation of injured parties is certainly part of the rule's function, it is designed primarily to serve the related purposes of punishing the offending party and deterring future violations. Pavelic & Leflore, supra at 4 ("The purpose of the provision in question, however, is not reimbursement but 'sanctions.' "). As we have said before, an appropriate sanction under the rule does not necessarily mean a full award of fees and costs. Fahrenz, 850 F.2d at 211; Cabell v. Petty, 810 F.2d 463, 466 (4th Cir.1987). Here the court set a sanction which fully served the purposes of the rule after taking into consideration the nature of appellants' breach and the extent of WFTY's expenses. Mechanical precision is not required in this exercise of the court's discretion. The sanction is reasonable and we will not disturb it on appeal.
 
 III
 
 14
 In sum, we find the district court's application of Rule 11 to be consistent with the purposes of the Rule and well within the limits of its discretion. Accordingly, the award of sanctions is affirmed.
 
 
 15
 AFFIRMED.
 
 
 
 [1]
 Brown left the firm in 1987 for a job with the United States Department of Justice
 
 
 [2]
 The most material of the alterations involved the space for the contract start date, which was blank when WFTY executed the agreement, but which was later filled in by the employee. The court found, however, that the employee's actions were not made in bad faith and that neither Almi, nor counsel, had purposely deceived WFTY about the altered original
 
 
 [3]
 An appeal was noted from this decision but later was voluntarily dismissed. No. 87-3829
 
 
 [4]
 Almi also argued before this Court that the district court erred in not assessing sanctions against the law firm of Weinberg & Green. As Almi now concedes, this argument is meritless in view of the Supreme Court's recent holding in Pavelic & Leflore v. Marvel Entertainment Group., et al., --- U.S. ----, --- S.Ct. ----, 1989 W.L. 145126 (U.S.)
 
 
 [5]
 For the same reasons we also reject WFTY's argument for sanctions under 28 U.S.C. Sec. 1927