**HILTON HOTELS CORPORATION**
**d/b/a Capital Hilton Hotel**

v.

**Alan BANOV, Appellant.**

**HILTON HOTELS CORPORATION**
**d/b/a Capital Hilton Hotel,**
**Appellant,**

v.

**Alan BANOV.**

**Nos. 89–7045, 89–7046.**

United States Court of Appeals,
District of Columbia Circuit.

Argued Feb. 6, 1990.

Decided March 23, 1990.

Alan Banov, pro se, in No. 89–7045 and appellee in 89–7046.

Anita Barondes, with whom Deborah A. Folloni and Christopher A. Weals, Washington, D.C., were on the brief, for appellee in No. 89–7045 and cross-appellant in 89–7046.

Before WALD, Chief Judge, EDWARDS and SILBERMAN, Circuit Judges.

Opinion for the Court filed by Circuit Judge HARRY T. EDWARDS.

HARRY T. EDWARDS, Circuit Judge:

In these consolidated appeals, appellant/cross-appellee Alan Banov and appellee/cross-appellant Hilton Hotels Corporation ("HHC") challenge different components of the District Court's imposition of a Rule 11 sanction against Banov. Banov represented a former HHC employee in a defamation action against HHC arising from the employee's discharge. After entering summary judgment for HHC, the court imposed a $5,000 sanction on Banov under Rule 11. The court found both that Banov had failed to make a reasonable inquiry into the basis of the employee's claim *before* filing suit and that Banov had unreasonably *continued* his representation *after* learning that the employee's suit was without merit. Banov now appeals from the determination that he should be sanctioned, HHC from the court's decision not to award HHC a greater fraction of the attorney fees incurred in defending against the former employee's suit.

We find each party's appeal to be without merit. The record amply supports the District Court's finding that Banov failed to conduct a reasonable *prefiling* inquiry,

and we affirm the court's sanction order on *that* ground *alone*. Because Rule 11 appears to authorize sanctions only for unreasonable *filings* of pleadings, motions or other papers, we do not rest our judgment on any claim that Banov unreasonably failed to withdraw or amend the suit when *postfiling* contingencies revealed it to be unfounded. However, because Banov did not raise the question whether Rule 11 imposes ongoing duties on counsel to discontinue prosecuting a case once it is shown to be meritless, we offer no final judgment on this point. Finally, we find that the District Court acted within its discretion in determining that a $5,000 sanction award would best advance the purposes of Rule 11 in this case.

## I. BACKGROUND

The contested sanction order arises from Banov's unsuccessful representation of Gmo Rice, a former employee of HHC. After the District Court granted HHC's motion for a more definite statement, Rice submitted (and Banov signed) an amended complaint alleging that HHC employees made twelve defamatory statements about Rice concerning the circumstances under which Rice was discharged. Extensive discovery disclosed virtually no support for these claims. HHC tried on several occasions to induce Banov to settle the case, but Banov always declined, allegedly because Rice refused to drop the suit. After the District Court advised Banov at the summary judgment hearing that it was contemplating Rule 11 sanctions, Banov sought to withdraw from his representation but was ordered not to do so by the court. The court ultimately granted summary judgment for HHC, finding that eleven of the alleged defamatory statements were never made and that the twelfth was absolutely privileged.

Shortly thereafter, the District Court granted HHC's motion for Rule 11 sanctions against Banov.[1] The trial court ruled that Banov should be sanctioned "for his failure to make a reasonable inquiry before filing the amended complaint and for his belligerence in pursuing a worthless action." *Rice v. Hilton Hotel Corp.*, Civ.Action No. 85–1470, slip op. at 2, 1987 WL 16851 (D.D.C. Sept. 2, 1988) (*"Rice I "*), *reprinted in* Joint Appendix (*"J.A."*) 18. The trial judge found that Banov had failed to conduct an adequate prefiling inquiry because "[e]ither Banov relied solely on plaintiff's unverified hearsay statement when he drafted the amended complaint or he knew that the claims lacked basis in fact." *Id.* The trial court also found that Banov acted unreasonably in continuing to represent Rice after filing the amended complaint, for, "by the close of discovery, Banov well knew or should have known that his client's entire case was meritless." *Id.* at 3, *reprinted in* J.A. 19. Recounting the repeated settlement offers by HHC, and the court's own admonition at the summary judgment hearing, the District Court concluded that "[t]he message could not [have] be[en] clearer to Banov that he should stop prosecuting plaintiff's unwarranted allegations or be prepared to pay sanctions for refusing to do so." *Id.* at 4, *reprinted in* J.A. 20.

In a second order, however, the District Court declined to award HHC full compensation for its claimed $68,000 in attorney fees. Emphasizing Banov's limited assets and HHC's "vast" expenditures to defend against Rice's claim, the trial judge determined that a $5,000 award would be equitable as well as sufficient to deter future litigation abuse. *See Rice v. Hilton Hotel Corp.*, Civ.Action No. 85–1470, slip op. at 4–5 (D.D.C. Dec. 9, 1988) (*"Rice II "*), *reprinted in* J.A. 26–27.

These appeals ensued. Banov contests the District Court's determinations that Rice's claims did not have reasonable foundation in fact and in law. HHC maintains that the District Court abused its discretion in failing to consider HHC's asserted interest in being fully compensated for the expense of defending against Rice's frivolous suit. In addition, HHC seeks a ruling that

---

1. HHC initially sought sanctions against Rice, as well, but withdrew this portion of its motion, apparently in exchange for Rice's dropping an additional claim for malicious prosecution.

it is entitled to the fees incurred in defending the District Court's sanction order.

## II. ANALYSIS

### A. *The Sanction Order*

The District Court based its sanction order on two findings: first, that "Banov was unreasonable in filing the amended complaint without first making reasonably certain that it could be supported in fact and law"; and second, that Banov unreasonably continued the "litigation for over a year and one-half when virtually each passing day confirmed that the complaint had no merit." *Rice I,* slip op. at 5, *reprinted in* J.A. 21. We affirm on the basis of the *first* finding *alone.*

### 1. Banov's Failure to Conduct an Adequate Prefiling Inquiry

■ We review for abuse of discretion a finding that a "pleading, motion, or other paper" was not "well grounded in fact," Fed.R.Civ.P. 11,[2] affording great weight to the views of the trial court because of its intimate familiarity with the underlying litigation. *See Westmoreland v. CBS, Inc.,* 770 F.2d 1168, 1174 (D.C.Cir.1985). The District Court in this case determined that Banov failed to conduct an adequate prefiling inquiry because he made no attempt independently to corroborate Rice's secondhand account of the alleged defamations.

*See Rice I,* slip op. at 2, *reprinted in* J.A. 18. We can find no basis to overturn this determination.

Although we do not believe that it is *invariably* sanctionable to rely solely on the client's word before filing suit, *see, e.g., Kamen v. American Tel. & Tel. Co.,* 791 F.2d 1006, 1012 (2d Cir.1986),[3] we conclude that the District Court stood on firm ground in deeming it unreasonable for Banov to do so here. Banov should have realized that Rice could not possibly prevail at trial unless one or more persons could be found to testify to having received the alleged defamations. Nor was this a case in which "the relevant information was largely in the control of the defendant[ ]," *Kamen,* 791 F.2d at 1012, for at least ten of the recipients identified in the amended complaint were not associated with HHC. Banov maintains that he had reason to credit Rice's allegations because an HHC employee testified at Rice's unemployment hearing that HHC fired Rice for theft. HHC's willingness to accuse Rice of misconduct in one, *privileged* setting, however, does not support the inference that HHC defamed Rice in various, specifically identified *nonprivileged* settings.

In sum, Banov does not come close to showing that the District Court abused its discretion in finding that he failed to make a reasonable inquiry into the factual basis

2. Rule 11 states in relevant part:
   Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name.... The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable

expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

3. *See also* FED.R.CIV.P. 11 advisory committee's note ("[W]hat constitutes a reasonable inquiry may depend on such factors as ... whether [the signer] *had* to rely on a client for information as to the facts underlying the pleading...." (emphasis added)). We also decline HHC's invitation to adopt a categorical rule that an attorney may not rely on a client's "hearsay" statements as the basis for filing suit. The important question is whether the client's statement furnishes a *reasonable basis* for surmising the existence of facts supporting the claim, *see Calloway v. Marvel Entertainment Group,* 854 F.2d 1452, 1470 (2d Cir.1988), *rev'd in part on other grounds sub nom. Pavelic & LeFlore v. Marvel Entertainment Group,* — U.S. —, 110 S.Ct. 456, 107 L.Ed.2d 438 (1989), not whether the client's statements are admissible at trial.

of the amended complaint. And that finding by itself is sufficient to uphold the trial court's imposition of Rule 11 sanctions. *See Danik, Inc. v. Hartmarx Corp.*, 875 F.2d 890, 896 (D.C.Cir.), *cert. granted sub. nom. Cooter & Gell v. Hartmarx Corp.*, — U.S. —, 110 S.Ct. 275, 107 L.Ed.2d 256 (1989).[4]

### 2. Banov's Alleged Unreasonable Failure to Abandon the Suit When Postfiling Contingencies Revealed It to Be Unfounded

We specifically do *not* rely on the District Court's second finding—that Banov unreasonably *continued* his representation of Rice after *postfiling* contingencies revealed Rice's amended complaint to be without merit. Although we asked the parties at oral argument to address the question of whether Rule 11 imposes postfiling obligations on the signer of a particular pleading, we decline for two reasons definitively to resolve that issue now. First, as we have explained, the trial court's finding that Banov failed to conduct a reasonable *prefiling* inquiry is sufficient to uphold the imposition of Rule 11 sanctions. Indeed, once the District Court made this finding, it was *obliged* to sanction Banov, *see Westmoreland*, 770 F.2d at 1175, making the court's views on Banov's postfiling conduct immaterial.

Second, although HHC defended the District Court's finding that Banov should be sanctioned for continuing to represent Rice,[5] Banov did not raise or brief the specific question of whether Rule 11 imposes ongoing duties on the signer of a pleading, motion or other paper. Consequently, this issue is not fit for disposition on appeal. *See, e.g., Maryland People's Counsel v. FERC*, 760 F.2d 318, 319 (D.C.Cir. 1985) (Scalia, J.).

But insofar as the District Court will no doubt have occasion to revisit this question, we do feel constrained to note the source of our concerns. At least five of our sister circuits have held that Rule 11 does *not* impose a general obligation to discontinue a suit once the factual or legal allegations in the complaint have been discredited.[6] As these courts have pointed out, Rule 11's emphasis on the need to perform a "reasonable inquiry" before "sign[ing]" a "pleading, motion, or other paper" suggests that the rule authorizes sanctioning an attorney only for unreasonably *filing* such a submission, not for *failing to withdraw* or *to amend* the submission when *postfiling* contingencies reveal it to be unfounded. *See, e.g., Oliveri v. Thompson*, 803 F.2d 1265, 1274 (2d Cir.1986), *cert. denied*, 480 U.S. 918, 107 S.Ct. 1373, 94 L.Ed.2d 689 (1987).[7] *See generally Pavelic & LeFlore*

---

**4.** Consequently, we need not address the District Court's determination that Banov failed to make a reasonable inquiry into the legal basis of the amended complaint, a question reviewable *de novo. See Westmoreland*, 770 F.2d at 1175.

**5.** In its brief to this court, HHC maintained that "Rule 11 imposes on counsel a duty not only to refrain from filing a meritless case, but to discontinue prosecuting a case once it is shown to be meritless." Brief for Appellee/Cross-Appellant Hilton Hotels Corporation at 26. However, HHC did not direct us to any authority in support of this proposition, much less to the considerable authority rejecting it. *See* note 6 *infra*.

**6.** *See Corporation of the Presiding Bishop v. Associated Contractors*, 877 F.2d 938, 942–43 (11th Cir.1989), *cert. denied*, — U.S. —, 110 S.Ct. 1133, 107 L.Ed.2d 1038 (1990); *Thomas v. Capital Sec. Servs.*, 836 F.2d 866, 874 (5th Cir.1988) (*en banc*); *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 484 (3d Cir.1987); *Hamer v. Lake Cty.*, 819 F.2d 1362, 1370 n. 15 (7th Cir.1987); *Oliveri v. Thompson*, 803 F.2d 1265, 1274 (2d Cir.1986),

*cert. denied*, 480 U.S. 918, 107 S.Ct. 1373, 94 L.Ed.2d 689 (1987); *see also United Energy Owners v. United Energy Management*, 837 F.2d 356, 364–65 (9th Cir.1988) (Rule 11 applies only to litigation misconduct involving signing of paper); *Adduono v. World Hockey Ass'n*, 824 F.2d 617, 621 (8th Cir.1987) ("Rule 11 is not a panacea intended to remedy all manner of attorney misconduct occurring before or during the trial of civil cases."); *cf. Conklin v. United States*, 812 F.2d 1318, 1319 (10th Cir.1987) (reversing without pertinent discussion sanction based in part on continuation of litigation). Apparently, only the First and Sixth Circuits have come out the other way. *See Kale v. Combined Ins. Co.*, 861 F.2d 746, 758 (1st Cir.1988); *Herron v. Jupiter Transp. Co.*, 858 F.2d 332, 336 (6th Cir.1988).

**7.** *See also* FED.R.CIV.P. 11 advisory committee's note ("The court is expected to avoid using the wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe *at the time the pleading, motion, or other paper was submitted*." (emphasis added)).

*v. Marvel Entertainment Group,* —— U.S. ——, 110 S.Ct. 456, 458, 107 L.Ed.2d 438 (1989) (Rule 11 must be construed narrowly with emphasis on "plain meaning" of its text).

This reading of Rule 11 also avoids the significant ethical dilemmas associated with sanctioning an attorney for declining to abandon a law suit. An attorney has broad latitude in deciding whether he will *initiate* representation of a client, *see, e.g.,* MODEL CODE OF PROFESSIONAL RESPONSIBILITY EC 2–26 (1981), or even whether he will take a particular step once litigation has begun, *see, e.g.,* MODEL RULES OF PROFESSIONAL CONDUCT Rule 1.2(a) (1983). But, as Banov himself learned in this litigation, an attorney does not enjoy perfect freedom to withdraw from representation or to settle a case against his client's wishes. *See id.* Rules 1.2(a), 1.16(b)–(c).

Cutting the other way is the District Court's legitimate interest in controlling abusive litigation practices after a suit has been initiated. We note, however, that the prevailing construction of Rule 11 by no means deprives the trial court of the power to sanction such abuses. The *sanction* authorized by Rule 11 extends to all "reasonable expenses incurred *because of the filing* of [an unreasonable] pleading, motion, or other paper, including a reasonable attorney's fee." FED.R.CIV. P. 11 (emphasis added). Thus, so long as the attorney should have known that his client's cause was without merit *when the action commenced,* the attorney can be held responsible for expenses incurred by virtue of his continuing representation. *Cf. Danik,* 875 F.2d at 897 (authorizing award of fees incurred in defending Rule 11 sanction on

appeal).[8] Moreover, regardless of what an attorney knew of his client's position at the outset of the litigation, if the attorney "multiplies the proceedings in any case unreasonably and vexatiously," he may be held liable for the opposing party's "excess costs, expenses, and attorneys' fees" pursuant to 28 U.S.C. § 1927 (1982).[9]

Finally, Rule 11 by its own terms applies to *"[e]very* pleading, motion, and other paper." FED.R.CIV. P. 11 (emphasis added). Thus, even if the District Court could not sanction an attorney for continuing a nonmeritorious lawsuit generally, the court could sanction counsel for any *specifically identified* pleading, motion, or other paper unreasonably submitted during the course of the litigation. *See F.H. Krear & Co. v. Nineteen Named Trustees,* 810 F.2d 1250, 1268 (2d Cir.1987).[10] Indeed, in some cases, there may be little practical difference between obliging an attorney to abandon a nonmeritorious suit and obliging him not to file additional submissions necessary to sustain the suit. Nonetheless, the burden specifically to articulate *which* submissions are defective and *why* does provide some check against the unwarranted exercise of the trial court's sanction powers. *See, e.g., id.*

While we need not rule on whether Rule 11 should be read to impose postfiling obligations in this case, we do highlight the foregoing considerations as factors to be taken into account should the District Court again confront this question.

**B.** *Size of the Sanction Award*

■ HHC appeals from the District Court's sanction award, arguing that the

---

**8.** Indeed, it is because an attorney may be liable for expenses caused by an *unreasonable filing* that we need not determine whether the size of the fee award in this case was influenced by the District Court's determination that Banov *unreasonably continued* his representation after the close of discovery.

**9.** Unlike Rule 11, however, section 1927 applies only when the attorney acts in *subjective bad faith. See Gaiardo v. Ethyl Corp.,* 835 F.2d 479, 484 (3d Cir.1987); *Oliveri,* 803 F.2d at 1273. Thus, while we have held that section 1927 authorizes sanctions when an attorney himself acts in bad faith to continue nonmeritorious

litigation, *see Fritz v. Honda Motor Co., Ltd.,* 818 F.2d 924, 925 (D.C.Cir.1987) (*per curiam* ), section 1927 presumably would not authorize sanctions against an attorney who merely accedes to his client's wishes to continue a nonmeritorious claim. *Cf. Oliveri,* 803 F.2d at 1276–79 (not imposing sanctions under section 1927 for continuation of nonmeritorious civil rights claim).

**10.** In this case, however, the District Court did not specifically identify any sanctionable pleading, motion, or other paper beside the amended complaint.

court failed to give sufficient weight to HHC's interest in being compensated for defending against Rice's suit. We are unpersuaded.

It is well established that "[t]he District Court ... retain[s] discretion to tailor Rule 11 sanctions as appropriate to the facts of a particular case." *Weil v. Markowitz*, 829 F.2d 166, 171 (D.C.Cir.1987). Indeed, we have suggested that the District Court exercises even more discretion in fixing a Rule 11 sanction than in fixing a reasonable fee award generally, characterizing the lower court's authority in the Rule 11 setting as "virtually untrammelled." *Danik*, 875 F.2d at 897. In *Danik*, we reviewed an award challenged as *excessive*. But because a Rule 11 award necessarily requires the District Court to strike a case-specific balance between equity, deterrence and compensation, *see, e.g., Fahrenz v. Meadow Farm Partnership*, 850 F.2d 207, 211 (4th Cir.1988), there is no reason to apply a less deferential standard of review to awards challenged as *deficient*.

The balance struck by the District Court in this case was not an abuse of discretion. HHC suggests that the court was overly casual in computing HHC's fees. But as we have explained, the trial court is "not obliged to ... detail how it arrived at" a particular figure, so long as we can be confident—as we are in this case—that the award rests on a reasonable "approximation of the amount of necessary work performed by defense counsel." *Danik*, 875 F.2d at 896–97.[11] Moreover, the District Court properly recognized its authority to balance HHC's entitlement to compensation against other factors, including Banov's ability to pay and the objective of deterring

litigation abuse. *See generally* AMERICAN BAR ASSOCIATION, STANDARDS AND GUIDELINES FOR PRACTICE UNDER RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE § L.6 [hereinafter ABA, STANDARDS AND GUIDELINES], *reprinted in* 5 C. WRIGHT, A. MILLER & M. KANE, FEDERAL PRACTICE AND PROCEDURE 236–37 (Supp.1989) (identifying relevant factors). Finally, the District Court's award is supported by the widely recognized principle that a district court should impose "the least severe sanction adequate to [the] purpose [of Rule 11]." *Thomas v. Capital Sec. Servs., Inc.*, 836 F.2d 866, 878 (5th Cir.1988) (*en banc*); *see* ABA, STANDARDS AND GUIDELINES § L.4, *reprinted in* 5 C. WRIGHT, A. MILLER & M. KANE at 235 (Supp.1989).

## C. *Fees and Expenses on Appeal*

■ HHC also seeks a ruling that it is entitled to the reasonable fees and expenses incurred in this appeal. It is settled law in this circuit that "Rule 11 authorizes an appellee to recover the costs it incurs in a successful defense of a Rule 11 award." *Danik*, 875 F.2d at 897. We recognize, however, that the Supreme Court has recently granted *certiorari* in *Danik* in order, *inter alia*, to review this reading of Rule 11. *See Cooter & Gell v. Hartmarx Corp.*, —— U.S. ——, 110 S.Ct. 275, 107 L.Ed.2d 256 (1989).[12] Consequently, we hold that HHC is entitled to recover the expenses (including attorney fees) associated with defending against Banov's appeal,[13] but instruct the District Court to hold HHC's application for expenses in abeyance pending the Supreme Court's decision in *Cooter & Gell*. If the Supreme Court upholds our rule on appellate expenses or decides *Cooter & Gell* without reaching

11. HHC argues that the frivolousness of Rice's suit does not demonstrate that HHC incurred an unreasonable amount in attorney fees. We agree. Whether HHC's fees were reasonable depends not on the merits of Rice's suit, but on the need for the steps taken to dispose of Rice's claims; indeed, it is precisely because a frivolous suit can oblige a defendant to incur significant legal costs that a device like Rule 11 is necessary. We do not believe, however, that the District Court's concern with the amount of fees incurred by HHC reflected a different philosophy.

12. The Court has also granted *certiorari* to review whether a court has jurisdiction to impose Rule 11 sanctions following the voluntary dismissal of the underlying suit and whether Rule 11 sanctions are to be reviewed generally for abuse of discretion. *See id.* 110 S.Ct. at 276; 58 U.S.L.W. 3252–53 (Oct. 17, 1989).

13. Because we do not regard Banov's appeal to be frivolous, we decline HHC's request to assess attorney fees or double costs pursuant to Federal Rule of Appellate Procedure 38.

this issue, the District Court should enter an award for HHC equal to the portion of its appellate expenses attributable to its defense of the District Court's sanction order.[14]

### III.  CONCLUSION

We find both the appeal and the cross-appeal in this case to be without merit.  Because the District Court did not abuse its discretion in finding that Banov failed to conduct an adequate *prefiling* inquiry, we affirm, on that ground *alone*, the court's decision to sanction Banov under Rule 11; we specifically do not endorse the trial court's separate finding that Banov could be sanctioned for continuing to represent his client once *postfiling* contingencies revealed the client's suit to be nonmeritorious.  We also find no abuse of discretion in the size of the court's sanction award.  Finally, we remand the case so that the District Court, subject to the Supreme Court's decision in *Cooter & Gell v. Hartmarx Corp.*, —— U.S. ——, 110 S.Ct. 275, 107 L.Ed.2d 256 (1989), can enter an award for the expenses attributable to HHC's successful defense of the District Court's sanction order.

*It is so ordered.*

---

**14.**  Of course, in no event is HHC entitled to the expenses attributable to its unsuccessful challenge to the size of the District Court's sanction award.