**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

——————————

**No. 06-1175**

——————————

D. ALAN THOMAS, Esq.; JOHN ISAAC SOUTHERLAND,
Esq.,

                                                    Appellants.

-------------------------------------------------

SYLVIA SHATZ; ANDREW SHATZ, her husband,

                                        Plaintiffs - Appellees,

          versus

FORD MOTOR COMPANY, a Delaware corporation,

                                                    Defendant.

——————————

**No. 06-1857**

——————————

D. ALAN THOMAS, Esq.; JOHN ISAAC SOUTHERLAND,
Esq.,

                                                    Appellants.

-------------------------------------------------

SYLVIA SHATZ; ANDREW SHATZ, her husband,

                                        Plaintiffs - Appellees,

          versus

FORD MOTOR COMPANY, a Delaware corporation,

                                                    Defendant.

Appeals from the United States District Court for the Northern District of West Virginia, at Martinsburg. Frederick P. Stamp, Jr., District Judge. (3:01-cv-00047-FPS)

---

Argued: May 23, 2007                    Decided: August 7, 2007

---

Before WIDENER,[1] MICHAEL, and TRAXLER, Circuit Judges.

---

Reversed by unpublished per curiam opinion.

---

**ARGUED:** Rebecca A. Betts, ALLEN, GUTHRIE, MCHUGH & THOMAS, P.L.L.C., Charleston, West Virginia, for Appellants. Christopher L. Brinkley, MASTERS LAW FIRM, L.C., Charleston, West Virginia, for Appellees. **ON BRIEF:** Stephanie D. Thacker, Peter G. Markham, ALLEN, GUTHRIE, MCHUGH & THOMAS, P.L.L.C., Charleston, West Virginia, for Appellants.

---

Unpublished opinions are not binding precedent in this circuit.

---

[1]Judge Widener heard oral argument in this case but did not participate in the decision. The opinion is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d).

PER CURIAM:

The district court reprimanded and censured Alan Thomas and John Isaac Southerland, trial attorneys for Ford Motor Company, for improper conduct in the jury room after the jury had been discharged, and ordered them to pay attorney's fees and expenses in the amount of $14,655.40. Thomas and Southerland appeal, and we reverse.

I.

Sylvia and Andrew Shatz brought a products liability action against Ford in West Virginia. With Thomas acting as lead trial counsel and Southerland assisting, Ford secured a defense verdict. After the jury was discharged, the courtroom clerk asked counsel for both parties to assist in removing exhibits from the jury room.

On an easel in the jury room in plain view was a flip chart reflecting the jurors' views on the evidence presented in the case. Thomas asked Southerland to copy the notes from the flip chart for assistance in future cases. According to Southerland, he was "simply taking notes from the flip chart and . . . was not aware of any problem in doing so." J.A. 28. Eventually, Southerland left after being told that the courtroom was closing.

Three days later, the district judge was advised by a law clerk that she saw someone copying notes from the jury's flip chart in the jury room after trial, but that she did not know who he was.

3

Based on this information, the district court issued an order directing the parties to identify the person in the jury room and his affiliation with the parties, and scheduled a hearing "to determine what action, if any, should be taken." J.A. 20.

Thomas responded that Southerland copied the notes at his request, "[o]ut of curiosity, for professional information, and for personal development purposes." J.A. 22. Thomas indicated that he did not "attempt to be secretive nor did [he] believe there was any prohibition given the completion of the jury's deliberations and the discharge of the jury," or that "there were any court rules or regulations that were violated either by letter or in spirit." J.A. 22-23. Nevertheless, he apologized to the court for any misunderstanding and provided his own and Southerland's affidavits regarding the incident as well as the only copy of the notes made concerning the jury's flip chart. Plaintiffs' counsel submitted affidavits denying involvement in the incident.

At the hearing, the district judge adopted the facts as set forth in the affidavits and assumed for purposes of the hearing that court personnel had asked the attorneys to retrieve their exhibits from the jury room themselves. However, the district judge admonished counsel that the court itself had not given the lawyers permission to enter the jury room or copy the jury's notes from the easel. Based upon its review of the notes taken by Southerland, the court found that the flip chart reflected the

4

jury's thoughts during deliberations and may have represented the jurors' division prior to unanimity. The court then concluded that Thomas and Southerland had violated the spirit, if not the letter, of Local Rule 47.01, which prohibits an attorney from "communicat[ing] or attempt[ing] to communicate with any member of the jury regarding the jury's deliberations or verdict without obtaining an order allowing such communication." N.D. W. Va. Local R. Gen. P. 47.01. The court determined that by reading and copying the jury's notes on the easel, Thomas and Southerland essentially communicated with the jury without the court's permission. Moreover, the district court found that Thomas and Southerland, by intentionally copying the notes, acted in bad faith, engaged in professional misconduct, and breached their professional responsibilities. Citing his powers under his inherent authority and 28 U.S.C.A. § 1927 (West 2006), the judge reprimanded and censured both Thomas and Southerland and found them jointly and severally liable for attorneys' fees and costs incurred by plaintiffs in responding to the court's order and attending the hearing.

After the hearing, the district court filed a written order memorializing his findings. In the written order, the judge concluded that Thomas and Southerland's conduct was improper under not only Local Rule 47.01 but also Federal Rule of Evidence 606(b), which generally prohibits the use of juror testimony about matters

5

occurring during deliberations to challenge a verdict.  The court

explained that

> clear and convincing evidence shows that Mr. Thomas and
> Mr. Southerland have engaged in conduct that, from an
> objective standpoint, falls short of the obligations owed
> to the Court, to opposing counsel and to the jurors in
> this action.  By failing in such obligations, Mr. Thomas
> and Mr. Southerland have required this Court to hold
> additional proceedings, have complicated the grounds for
> post-verdict motions, have violated the sanctity of the
> jury room and have interfered with this Court's ability
> to achieve an orderly and expeditious disposition of this
> case, which necessarily continues through the time
> available for post-verdict motions.

J.A. 146 (citation omitted).  By separate orders, the judge granted

attorneys' fees and costs to the plaintiffs in the amount of

$14,655.40 but denied the plaintiffs' motion for a new trial.

Thomas and Southerland appeal.[2]


II.

We review the district court's decision to impose sanctions

under its inherent authority for abuse of discretion.  See Chambers

v. NASCO, Inc., 501 U.S. 32, 55 (1991); Chaudhry v. Gallerizzo, 174

---

[2]Thomas and Southerland filed a notice of appeal on November 23, 2005, appealing the October sanction order.  Because the October order did not set the amount of the sanctions, the plaintiffs filed a motion with this court seeking to dismiss the appeal as interlocutory.  The district court's order became final in March 2006, when the court set the sanction amount, and Thomas and Southerland timely appealed that order as well.  While Thomas and Southerland's November 2005 notice of appeal may have been premature, they filed a second notice of appeal from a final appealable order, and the appeals have been consolidated.  Accordingly, we deny the plaintiffs' motion to dismiss.

F.3d 394, 410 (4th Cir. 1999). A court abuses its discretion when its ruling is based "on an erroneous view of the law or on a clearly erroneous assessment of the evidence." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990).

## A.

The district court has the inherent authority to impose sanctions against a party who "has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Chambers, 501 U.S. at 45-46 (internal quotation marks omitted). This inherent authority "extends to a full range of litigation abuses." Id. at 46. At the hearing, the district judge ruled that Thomas and Southerland had acted in bad faith, although the court did not repeat this finding in its subsequent written order. We view the written order as supplementing the court's oral rulings during the hearing. Accordingly, we review his finding of bad faith for clear error.

The district court found Thomas and Southerland's conduct objectively sanctionable because the court viewed the copying of the jury's notes as an improper invasion of the jury's deliberations. In support, the court cited Rakes v. United States, 169 F.2d 739 (4th Cir. 1948), a case dealing with improper contact with jurors after a trial; Local Rule 47.01, which also addresses contact with jurors; and Federal Rule of Evidence 606(b), which generally prohibits a juror from testifying about matters occurring during deliberations in hearings to challenge a verdict.

7

We disagree. First, Local Rule 47.01 is aimed at preventing lawyers, without permission of the court, from bothering jurors after they have completed their service by writing them or attempting to talk to them. See Rakes, 169 F.2d at 745-46; N.D. W. Va. Local R. Gen. P. 47.01. And, Rule 606 restricts what a juror can testify to in proceedings to set aside a verdict. See Fed. R. Evid. 606(b). Neither of these concerns were implicated, however, by counsel's conduct here. Not only was no juror contacted, but it is doubtful that any juror ever knew what transpired. There was no harassment of any juror by the attorneys, nor has there been any effort by Thomas or Southerland to challenge the verdict on the basis of what the jurors wrote. In short, we find nothing in the record to support the district court's determination that Thomas or Southerland engaged in conduct that is prohibited by these rules.

The district court also viewed the attorneys' actions as an invasion of the sanctity of the jury room and the jury's deliberations. We cannot agree. The jury had finished its deliberations, reported its verdict, been discharged, and left the building. No effort was made by the jurors to obliterate anything written on the easel or to otherwise conceal or destroy the information recorded thereon. The notes were left where anyone coming into the jury room could have seen and read them. We have found no rule or law that makes sanctionable the viewing or copying of jurors' notes after the case has ended, nor are we aware of any

authority that confers per se confidentiality upon discussions in a jury room.

Additionally, we see nothing in the record suggesting bad faith. Indeed, these attorneys were invited into the jury room by a representative of the court after the jury had been discharged. Moreover, the notes on the top sheet of the flip chart were plainly exposed to the view of anyone who entered the jury room. We cannot fault the lawyers for seeing what was in front of them and remembering what they had seen. Any error, therefore, would have to be in peeking under the top sheet and in copying that information, and in this we simply can find no grievous harm.

In sum, we see no factual or legal basis for concluding that counsel acted in bad faith or abused the litigation process, nor do we find any basis for concluding that counsel violated the rules cited by the district court or engaged in conduct otherwise deserving of sanctions under the inherent power of the court.

B.

For similar reasons, we cannot affirm the district court's conclusion that the sanctions were authorized by 28 U.S.C.A. § 1927. Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

9

28 U.S.C.A. § 1927. Section 1927 requires "a finding of counsel's bad faith as a precondition to the imposition of fees." See Chaudhry, 174 F.3d at 411 n.14 (internal quotation marks omitted). Mere negligence will not support an imposition of sanctions under § 1927. See United States v. Wallace, 964 F.2d 1214, 1219 (D.C. Cir. 1992). Section 1927 authorizes sanctions only when counsel's bad faith conduct multiplies the proceedings, resulting in excess costs for the opposing party.

In our view, § 1927 provides no basis for the sanctions imposed by the district court because it is triggered by subjective bad faith. See Chaudhry, 174 F.3d at 411 n.14; Blair v. Shenandoah Women's Center, Inc., 757 F.2d 1435, 1438 (4th Cir. 1985) (concluding that evidence was sufficient to show "subjective bad faith" and supported sanctions imposed by the district court); see also Hilton Hotels Corp. v. Banov, 899 F.2d 40, 45 n.9 (D.C. Cir. 1990) ("[S]ection 1927 applies only when the attorney acts in subjective bad faith."). As stated above, there is no evidence of subjective bad faith on the part of either attorney. In fact, the evidence is uncontradicted that the lawyers were motivated by a desire for general professional development rather than any purpose related to this particular case. Consequently, the district court committed clear error in finding that Thomas and Southerland acted in bad faith and abused its discretion in awarding attorney's fees.

III.

Finally, we note that this problem could have been avoided had the clerk of court properly performed his responsibility of retrieving the evidence and exhibits from the jury room and returning them to the attorneys in the courtroom. It is the duty of the clerk of court to see that those items admitted into evidence, and only those items, are taken to the jury room for the jury's use during its deliberation, see United States v. Lentz, 383 F.3d 191, 213-14 (4th Cir. 2004), and we believe it is likewise the duty of the clerk of court to return those items to the courtroom after the trial has ended.

IV.

Accordingly, we reverse the district court's order censuring and reprimanding the attorneys, and imposing sanctions against Thomas and Southerland in the amount of $14,655.40.

REVERSED

11